**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MOBILE EQUITY CORP., | |
| *Plaintiff*, | Civil Action No. 2:21-cv-00126-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| WALMART INC. | |
| *Defendant*. | |

**DEFENDANT WALMART INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF MOBILE EQUITY CORP.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Walmart Inc. ("Walmart"), by and through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaims ("Answer") to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Mobile Equity Corp.'s ("MEC" or "Plaintiff") dated April 7, 2021.

Walmart responds below to the allegations contained in the numbered paragraphs of Plaintiff's Complaint. Walmart denies all allegations in the Complaint unless expressly admitted in the following paragraphs. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

Walmart repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this Answer. In doing so, Walmart makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Walmart specifically denies all such

allegations.

## **INTRODUCTION**

1.      Walmart denies the allegations in paragraph 1 of the Complaint.

2.      Walmart denies the allegations in paragraph 2 of the Complaint.

3.      Walmart denies the allegations in paragraph 3 of the Complaint.

4.      Walmart admits that Walmart Pay was first introduced in December 2015. Walmart admits that U.S Patent No. 8,589,236 ("the '236 Patent") issued on November 19, 2013. Walmart denies the remaining allegations in paragraph 4 of the Complaint.

5.      Walmart admits that the quoted text appears at the cited website. Walmart denies that the allegations and characterizations contained in paragraph 5 constitute a complete and accurate description of Walmart Pay. Walmart denies the remaining allegations in paragraph 5 of the Complaint.

6.      Walmart denies the allegations in paragraph 6 of the Complaint.

7.      Walmart denies the allegations in paragraph 7 of the Complaint.

## **NATURE OF THE SUIT**

8.      Paragraph 8 sets forth conclusions of law to which no response is required. To the extent that a response is nonetheless deemed to be required, Walmart admits that Plaintiff purports to bring a patent infringement action under 35 U.S.C. §101 *et seq*. Walmart denies that it infringes or has infringed any claim of the Asserted Patents,[1] directly or indirectly, literally or under the Doctrine of Equivalents, in this District or in any other district. Except as so expressly admitted, Walmart denies the allegations in paragraph 8 of the Complaint.

---

[1] The '236 Patent and U.S. Patent No. 10,535,058 ("the '058 Patent") (collectively, "the Asserted Patents").

## THE PARTIES

9.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies them.

10.     Walmart admits the allegations in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.     The allegations of paragraph 11 state a legal contention to which no response is required. To the extent that a response is nonetheless deemed to be required, Walmart admits that Plaintiff purports to bring a patent infringement action under 35 U.S.C. §101, *et seq*. Walmart further admits that 28 U.S.C. §§ 1331 and 1338(a) confer jurisdiction as to claims arising under the patent laws and claims arising under the laws of the United States upon this Court.  Walmart denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents, in this District or in any other district. Except as so expressly admitted, Walmart denies the allegations in paragraph 11 of the Complaint.

12.     The allegations of paragraph 12 state a legal contention to which no response is required.  To the extent that a response is nonetheless deemed to be required, Walmart denies the allegations in paragraph 12 of the Complaint.

13.     The allegations of paragraph 13 state a legal contention to which no response is required.  To the extent that a response is nonetheless deemed to be required, Walmart denies the allegations in paragraph 13 of the Complaint.

14.     The allegations of paragraph 14 regarding personal jurisdiction state a legal contention to which no response is required.  To the extent a response is required, Walmart will not contest, for purposes of this action only, whether this Court has personal jurisdiction over it. Walmart denies the remaining allegations in paragraph 14 of the Complaint.

15.     The allegations of paragraph 15 regarding personal jurisdiction state a legal contention to which no response is required.  To the extent a response is required, Walmart will not contest, for purposes of this action only, whether this Court has personal jurisdiction over it. Walmart denies the remaining allegations in paragraph 15 of the Complaint.

16.     The allegations of paragraph 16 regarding venue state a legal contention to which no response is required.  To the extent a response is required, Walmart denies that venue is proper or convenient.  Walmart denies the remaining allegations in paragraph 16 of the Complaint.

17.     The allegations of paragraph 17 state a legal contention to which no response is required. To the extent a response is required, Walmart denies the allegations of paragraph 17.

**A.     Walmart Has an Extensive Presence in Texas and in This District**

18.     Walmart denies the allegations in paragraph 18 of the Complaint.

19.     Walmart denies the allegations in paragraph 19 of the Complaint.

20.     Walmart denies the allegations in paragraph 20 of the Complaint.

21.     Walmart denies the allegations in paragraph 21 of the Complaint.

22.     Walmart denies the allegations in paragraph 22 of the Complaint.

**B.     Walmart Pay was Tested and Used in Texas and in This District**

23.     Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies them.

24.     Walmart admits the allegations in paragraph 24 of the Complaint.

25.     The allegations of paragraph 25 state a legal contention to which no response is required. To the extent a response is required, Walmart denies the allegations of paragraph 25.

26.     The allegations of paragraph 26 state a legal contention to which no response is required. To the extent a response is required, Walmart denies the allegations of paragraph 26.

27.     The allegations in paragraph 27 are generalized, vague, and ambiguous. Because the allegations are generalized, vague, and ambiguous, Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

28.     Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies them.

## BACKGROUND

### A.     MEC and the Patented Technology

### 1.     The Financial Services Industry is an Active Area of Innovation

29.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies them.

30.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies them.

31.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies them.

32.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies them.

33.     Walmart admits that it owns the four patents cited in paragraph 33 of the Complaint. Walmart denies the remaining allegations in paragraph 33 of the Complaint.

34.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies them.

35.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies them.

### 2.    The Asserted Patents

36.    Walmart admits that Plaintiff purports to bring a cause of action asserting infringement of the Asserted Patents.  Except as so expressly admitted, Walmart denies the allegations contained in paragraph 36 of the Complaint.

37.    Walmart denies that the Asserted Patents claim patent-eligible subject matter under 35 U.S.C. § 101. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint, and therefore denies them.

38.    Walmart admits that a document purporting to be the '236 Patent is attached to the Complaint as Exhibit 1. Walmart admits that the first page of Exhibit 1 recites a title of "Mobile Payment Station System and Method" and identifies Marwan Monir Afana as the named inventor.

39.    Walmart admits that the '236 Patent purports to have an issue date of November 19, 2013. Walmart denies that the '236 Patent is valid or enforceable based on its failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

40.    Walmart denies the allegations in paragraph 40 of the Complaint.

41.    Walmart admits that a document purporting to be the '058 Patent is attached to the Complaint as Exhibit 2. Walmart admits that the first page of Exhibit 2 recites a title of "Mobile Payment Station System and Method" and identifies Marwan Monir Afana as the named inventor.

42.    Walmart admits that the '058 Patent purports to have an issue date of January 14, 2020. Walmart denies that the '058 Patent is valid or enforceable based on its failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

43.    Walmart denies the allegations in paragraph 43 of the Complaint.

### 3.      The Asserted Patents

44.      Walmart denies that the Asserted Patents are valid or enforceable based on a failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint, and therefore denies them.

45.      Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and therefore denies them.

46.      Walmart denies that the Asserted Patents are valid or enforceable based on a failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Complaint, and therefore denies them.

47.      Walmart denies that the Asserted Patents are valid or enforceable based on a failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint, and therefore denies them.

48.      Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and therefore denies them.

### i.      Conventional Payment Systems

49.      Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and therefore denies them.

50.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and therefore denies them.

51.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies them.

52.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies them.

53.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and therefore denies them.

54.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and therefore denies them.

55.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and therefore denies them.

56.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and therefore denies them.

57.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and therefore denies them.

### ii.     MEC's Patented Improvements

58.     Walmart denies that the Asserted Patents are valid or enforceable based on a failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, and therefore denies them.

59.     Walmart denies that the Asserted Patents are valid or enforceable based on a failure

to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, and therefore denies them.

60.     Walmart denies that the Asserted Patents are valid or enforceable based on a failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint, and therefore denies them.

61.     Walmart denies that the Asserted Patents are valid or enforceable based on a failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, and therefore denies them.

62.     Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, and therefore denies them.

63.     Walmart denies the allegations in paragraph 63 of the Complaint.

64.     Walmart denies the allegations in paragraph 64 of the Complaint.

65.     Walmart denies that the Asserted Patents are valid or enforceable based on a failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251. Walmart denies the remaining allegations in paragraph 65 of the Complaint.

**B.      Walmart's Infringement**

66.      Walmart denies the allegations in paragraph 66 of the Complaint.

67.      Walmart admits that Walmart Pay was first introduced in December 2015. Walmart admits that the '236 Patent issued on November 19, 2013. Walmart denies the remaining allegations in paragraph 67 of the Complaint.

68.      Walmart denies that the allegations and characterizations contained in paragraph 68 constitute a complete and accurate description of Walmart Pay. Walmart denies the remaining allegations in paragraph 68 of the Complaint.

69.      Walmart denies that the allegations and characterizations contained in paragraph 69 constitute a complete and accurate description of Walmart Pay or the quoted text. Walmart denies the remaining allegations in paragraph 69 of the Complaint.

70.      Walmart admits that the quoted text appears on the cited webpage. Walmart denies that the allegations and characterizations contained in paragraph 70 constitute a complete and accurate description of Walmart Pay. Walmart denies the remaining allegations in paragraph 70 of the Complaint.

71.      Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 71 of the Complaint, and on that basis denies them.

72.      Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, and therefore denies them.

73.      Walmart denies that it infringes the Asserted Patents. The remaining allegations in paragraph 73 are generalized, vague, and ambiguous, including as to timeframe and the term "deploy." Because the allegations are generalized, vague, and ambiguous, Walmart lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on

that basis denies them.

## CLAIMS

74.     Paragraph 74 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Walmart denies that the allegations in the Complaint are adequately specific for Walmart to be "on notice" of a particularized claim of infringement against a particular product, including because the Complaint does not allege a specific factual basis for a statutory act of infringement. Walmart also denies that it is "on notice" of a specific allegation of infringement for individual claims which are not expressly asserted by the Complaint. Walmart denies that the Complaint includes an allegation of pre-suit knowledge of the Asserted Patents. Walmart denies any remaining allegations in paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Walmart denies that the allegations in the Complaint are adequately specific for Walmart to be "on notice" of a particularized claim of infringement against a particular product, including because the Complaint does not allege a specific factual basis for a statutory act of infringement. Walmart also denies that it is "on notice" of a specific allegation of infringement for individual claims which are not expressly asserted by the Complaint. Walmart denies that the Complaint includes an allegation of pre-suit knowledge of the Asserted Patents. Walmart denies any remaining allegations in paragraph 75 of the Complaint.

**A.     Infringement of the '236 Patent**

76.     Walmart restates and incorporates the preceding paragraphs of this Answer herein by reference. Walmart denies that Plaintiff has any basis for the cause of action alleged against Walmart.

77.     Walmart denies the allegations in paragraph 77 of the Complaint.

78.     Walmart denies the allegations in paragraph 78 of the Complaint.

79.     Walmart denies the allegations in paragraph 79 of the Complaint.

80.     Walmart denies the allegations in paragraph 80 of the Complaint.

81.     Walmart denies the allegations in paragraph 81 of the Complaint.

82.     Walmart denies the allegations in paragraph 82 of the Complaint.

83.     Walmart denies the allegations in paragraph 83 of the Complaint.

84.     Walmart admits that the quoted text appears at the cited website. Walmart denies that the allegations and characterizations contained in paragraph 84 constitute a complete and accurate description of Walmart Pay or the quoted text. Walmart denies the remaining allegations in paragraph 84 of the Complaint.

85.     Walmart admits that the quoted text appears at the cited website. Walmart denies that the allegations and characterizations contained in paragraph 85 constitute a complete and accurate description of Walmart Pay or the quoted text. Walmart denies the remaining allegations in paragraph 85 of the Complaint.

86.     The allegations of paragraph 86 state a legal contention to which no response is required. To the extent that a response is nonetheless deemed to be required, Walmart denies the allegations in paragraph 86 of the Complaint.

87.     The allegations of paragraph 87 state a legal contention to which no response is required. To the extent that a response is nonetheless deemed to be required, Walmart denies the allegations in paragraph 87 of the Complaint.

88.     The allegations of paragraph 88 state a legal contention to which no response is required. To the extent that a response is nonetheless deemed to be required, Walmart denies the allegations in paragraph 88 of the Complaint.

89.     Walmart admits that the quoted text appears at the cited website. Walmart denies that the allegations and characterizations contained in paragraph 89 constitute a complete and accurate description of Walmart Pay or the quoted text. Walmart denies the remaining allegations in paragraph 89 of the Complaint.

90.     Walmart denies the allegations in paragraph 90 of the Complaint.

91.     Walmart denies the allegations in paragraph 91 of the Complaint.

92.     Walmart denies the allegations in paragraph 92 of the Complaint.

93.     Walmart denies the allegations in paragraph 93 of the Complaint.

94.     Walmart denies the allegations in paragraph 94 of the Complaint.

95.     Walmart denies the allegations in paragraph 95 of the Complaint.

96.     Walmart denies the allegations in paragraph 96 of the Complaint.

97.     Walmart admits that the quoted text appears at the cited website. Walmart denies that the allegations and characterizations contained in paragraph 97 constitute a complete and accurate description of Walmart Pay or the quoted text. Walmart denies the remaining allegations in paragraph 97 of the Complaint.

98.     Walmart denies the allegations in paragraph 98 of the Complaint.

99.     Walmart denies the allegations in paragraph 99 of the Complaint.

100.    Walmart denies the allegations in paragraph 100 of the Complaint.

101.    Walmart denies the allegations in paragraph 101 of the Complaint.

102.    Walmart denies the allegations in paragraph 102 of the Complaint.

103.    Walmart denies the allegations in paragraph 103 of the Complaint.

104.    Walmart denies the allegations in paragraph 104 of the Complaint.

105.    Walmart denies the allegations in paragraph 105 of the Complaint.

### B.     Infringement of the '058 Patent

106.    Walmart restates and incorporates the preceding paragraphs of this Answer herein by reference. Walmart denies that Plaintiff has any basis for the cause of action alleged against Walmart.

107.    Walmart denies the allegations in paragraph 107 of the Complaint.

108.    Walmart denies the allegations in paragraph 108 of the Complaint.

109.    Walmart denies the allegations in paragraph 109 of the Complaint.

110.    Walmart denies the allegations in paragraph 110 of the Complaint.

111.    Walmart denies the allegations in paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is nonetheless deemed required, Walmart denies that the allegations in the Complaint are adequately specific for Walmart to be "on notice" of a particularized claim of infringement against a particular product, including because the Complaint does not allege a specific factual basis for a statutory act of infringement. Walmart also denies that it is "on notice" of a specific allegation of infringement for individual claims which are not expressly asserted by the Complaint. Walmart denies any remaining allegations in paragraph 112 of the Complaint.

113.    Walmart denies the allegations in paragraph 113 of the Complaint.

114.    Walmart denies the allegations in paragraph 114 of the Complaint.

115.    Walmart denies the allegations in paragraph 115 of the Complaint.

116.    Walmart denies the allegations in paragraph 116 of the Complaint.

117.    Walmart denies the allegations in paragraph 117 of the Complaint.

118.    Walmart denies the allegations in paragraph 118 of the Complaint.

119.     Walmart denies the allegations in paragraph 119 of the Complaint.

120.     Walmart denies the allegations in paragraph 120 of the Complaint.

121.     Walmart denies the allegations in paragraph 121 of the Complaint.

122.     Walmart denies the allegations in paragraph 122 of the Complaint.

123.     Walmart denies the allegations in paragraph 123 of the Complaint.

124.     Walmart denies the allegations in paragraph 124 of the Complaint.

125.     Walmart denies the allegations in paragraph 125 of the Complaint.

126.     Walmart denies the allegations in paragraph 126 of the Complaint.

127.     Walmart denies the allegations in paragraph 127 of the Complaint.

128.     Walmart denies the allegations in paragraph 128 of the Complaint.

129.     Walmart denies the allegations in paragraph 129 of the Complaint.

## JURY DEMAND

130.     This paragraph contains a demand for a jury trial to which no response is required. To the extent a response is required, Walmart demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

The section of the Complaint entitled "Prayer for Relief" sets forth the statement of relief requested by Plaintiff, to which no response is required. To the extent a response is required, Walmart denies that Plaintiff is entitled to any of the relief sought in its prayer for relief or any other relief, and requests that the Court deny all such relief to Plaintiff in its entirety and with prejudice.

## AFFIRMATIVE DEFENSES

131.     Subject to the responses above, Walmart alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed

affirmative defenses by law, regardless of how such defenses are denominated herein. Walmart's investigation of its defenses is continuing, and Walmart expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law in or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST DEFENSE
### (Non-Infringement)

132.   Walmart has not and does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND DEFENSE
### (Invalidity)

133.   The claims of the Asserted Patents are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

134.   The claims of the Asserted Patents are invalid under 35 U.S.C. § 101 because the claims are directed to abstract ideas, and/or other patent-ineligible subject matter.

135.   The claims of the Asserted Patents are invalid under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

136.   The claims of the Asserted Patents are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

137.   The claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim

indefiniteness.

138.    On information and belief, the claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 116.

139.    The claims of the Asserted Patents are invalid for failure to satisfy the conditions set forth in 35 U.S.C. § 251.

**THIRD DEFENSE**
**(Preclusion of Costs)**

140.    To the extent that any claim of the Asserted Patents is held to be invalid, Plaintiff is precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

**FOURTH DEFENSE**
**(Limitations on Damages)**

141.    Any claim for damages for infringement of the Asserted Patents are barred, in whole or in part, by 35 U.S.C. § 286 and 35 U.S.C. § 287.

142.    Accordingly, Plaintiff is barred from recovering damages, in whole or in part, by 35 U.S.C. § 287.

**FIFTH DEFENSE**
**(Express License, Implied License, and Patent Exhaustion)**

143.    Plaintiff's claims are barred, in whole or in part, to the extent that Walmart has express or implied licenses to the Asserted Patents, and/or under the doctrines of patent exhaustion, first sale and/or single recovery rule.

**SIXTH AFFIRMATIVE DEFENSE**
**(Patent Misuse/Waiver/Estoppel/Unclean Hands)**

144.    Plaintiff's claims of infringement against Walmart are barred, in whole or in part, by the doctrines of patent misuse, prosecution laches, waiver, unclean hands, acquiescence, estoppel (including equitable estoppel) and/or other applicable equitable doctrines.

17

## SEVENTH DEFENSE
### (No Exceptional Case)

145.   Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Walmart pursuant to 35 U.S.C. § 285.

## EIGHTH DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

146.   By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the Asserted Patents, Plaintiff's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel is further estopped from construing any valid claim of the Asserted Patents to cover any accused method, system, and/or product of Walmart.

## NINTH DEFENSE
### (Lack of Constitutional and Statutory Standing)

147.   On information and belief, Plaintiff's claims are barred in part or in whole because it lacks all substantial rights in the Asserted Patents, and thereby lacks standing to bring suit upon the Asserted Patents.

## TENTH DEFENSE
### (Government Sales)

148.   Walmart is not liable to the extent the accused devices were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, pursuant to 28 U.S.C. § 1498.

## ELEVENTH DEFENSE
### (Failure to State a Claim)

149.   Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

18

**TWELFTH DEFENSE**
**(Invalid Patent Term Extension)**

150.    Plaintiff's claims are barred, in whole or in part, because the patent term extension granted to each of the Asserted Patents failed to comply with the requirements of 35 U.S.C. § 154(b) and/or 35 U.S.C. § 156.

**RESERVATION OF AFFIRMATIVE DEFENSES**

151.    Walmart may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer, including to conform to proof at trial. Walmart therefore reserves all defenses under the Federal Rules of Civil Procedure, including those listed in Rule 8(c), the Patent Laws of the United States and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action.

**COUNTERCLAIMS**

152.    Counterclaimant Walmart Inc. ("Walmart"), by and through its undersigned counsel, counterclaims and alleges against Mobile Equity Corp. ("MEC") as follows:

**THE PARTIES**

153.    Walmart is a corporation organized under the laws of Delaware.

154.    On information and belief, based on representations made in the Complaint, MEC is a corporation organized under the laws of Delaware.

**JURISDICTION AND VENUE**

155.    Walmart brings these counterclaims under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patents), 2201 and 2202 (declaratory judgment), and 1367(a) (supplemental jurisdiction).

156.    MEC has consented to personal jurisdiction in this Court by virtue of filing its Complaint in the above-captioned case.

157.    Venue is proper with respect to each of the following Counterclaims pursuant to 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '236 PATENT

158.    Walmart repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Answer as if set forth fully herein.

159.    MEC purports to charge Walmart with infringement of the '236 Patent in its Complaint.

160.    Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the '236 Patent, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

161.    An actual and justiciable controversy exists between Walmart and MEC with respect to the infringement of the '236 Patent, because MEC has filed the instant Complaint alleging that Walmart infringes the '236 Patent and Walmart denies that allegation.

162.    A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent MEC from wrongfully continuing to allege that Walmart infringes the '236 Patent.

163.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the '236 Patent.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '058 PATENT

164.    Walmart repeats and incorporates by reference the allegations contained in preceding paragraphs of this Answer as if set forth fully herein.

165.    MEC purports to charge Walmart with direct infringement and induced infringement of the '058 Patent in its Complaint.

166.    Walmart has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the '058 Patent, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

167.    An actual and justiciable controversy exists between Walmart and MEC with respect to the infringement of the '058 Patent, because MEC has filed the instant Complaint alleging that Walmart infringes the '058 Patent and Walmart denies that allegation.

168.    A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy and to prevent MEC from wrongfully continuing to allege that Walmart infringes the '058 Patent.

169.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the '058 Patent.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '236 PATENT

170.    Walmart repeats and incorporates by reference the allegations contained in preceding paragraphs of this Answer as if set forth fully herein.

171.    MEC purports to charge Walmart with infringement of the '236 Patent in its Complaint.

172.    MEC asserts that the '236 Patent is valid and enforceable.

173.    The claims of the '236 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

174.    An actual and justiciable controversy exists between Walmart and MEC with respect to the validity of the '236 Patent, because MEC has filed the instant Complaint alleging that Walmart infringes valid and enforceable claims of the '236 Patent and Walmart denies that allegation.

175.    A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent MEC from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the '236 Patent.

176.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that the asserted claims of the '236 Patent are invalid.

### FOURTH COUNTERCLAIM
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '058 PATENT

177.    Walmart repeats and incorporates by reference the allegations contained in preceding paragraphs of this Answer as if set forth fully herein.

178.    MEC purports to charge Walmart with infringement of the '058 Patent in its Complaint.

179.    MEC asserts that the '058 Patent is valid and enforceable.

180.     The claims of the '058 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

181.     An actual and justiciable controversy exists between Walmart and MEC with respect to the validity of the '058 Patent, because MEC has filed the instant Complaint alleging that Walmart infringes valid and enforceable claims of the '058 Patent and Walmart denies that allegation.

182.     A judicial declaration of invalidity is necessary and appropriate in order to resolve this controversy and to prevent MEC from wrongfully continuing to allege that Walmart infringes the valid and enforceable claims of the '058 Patent.

183.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests the declaration of the Court that the asserted claims of the '058 Patent are invalid.

### JURY DEMAND

184.     Pursuant to Federal Rule of Civil Procedure 38(c) and Local Rule 38(a), Walmart hereby demands a jury trial on all issues so triable.

### REQUEST FOR RELIEF

185.     In light of the foregoing, Walmart asks this Court to enter judgment in favor of Walmart and against MEC by granting the following relief:

186.     Dismissing, with prejudice, MEC's Complaint against Walmart in its entirety;

187.     Denying all relief that MEC seeks in its Complaint;

188.     Entering a judgement in favor of Walmart that MEC shall take nothing by its Complaint;

189.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., a declaration by the Court that Walmart does not infringe any claim of any Asserted Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement);

190.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., a declaration by the Court that the asserted claims of the Asserted Patents are invalid;

191.    Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Walmart its attorneys' fees pursuant thereto;

192.    Awarding Walmart its costs, expenses, disbursements, and attorneys' fees incurred in connection with this action; and

193.    Awarding Walmart any other relief that the Court deems just and proper.


Dated:  June 16, 2021                                        Respectfully submitted,

                                                            By: */s/ Eric H. Findlay*
                                                            Eric H. Findlay
                                                            State Bar No. 00789886
                                                            Debby Gunter
                                                            State Bar No. 24012752
                                                            FINDLAY CRAFT, P.C.
                                                            102 N. College Ave. Suite 900
                                                            Tyler, Texas  75702
                                                            Tel:  (903) 534-1100
                                                            Fax:  (903) 534-1137
                                                            Email: efindlay@findlaycraft.com
                                                            Email: dgunter@findlaycraft.com

                                                            Kathryn Riley Grasso
                                                            DLA Piper LLP (US)
                                                            401 B Street, Suite 1700
                                                            San Diego, California 92101-4297
                                                            Tel: (619) 699-2842
                                                            Fax: (619) 764-6692
                                                            Email: Kathryn.riley@dlapiper.com

Christian Chessman
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: (650) 833-2112
Fax: (650) 687-1141
Email: Christian.chessman@dlapiper.com

***COUNSEL FOR DEFENDANT
WALMART INC.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 16, 2021, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  This motion was served on all counsel by electronic filing.

*/s/ Eric H. Findlay*
Eric H. Findlay