IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **MOBILE EQUITY CORP.,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 2:21-cv-00126-JRG-RSP |
| **WALMART INC.,** | § § § | |
| *Defendant.* | § § § | |

### ORDER REGARDING E-DISCOVERY IN PATENT CASES

The parties' Joint Motion for Entry of Agreed Order Regarding E-Discovery shall be, and hereby is, **GRANTED**. It is hereby **ORDERED** as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding any proposed modifications, they shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, ESI produced in response to production requests under Federal Rules of Civil Procedure 34 and 45, or in compliance with any mandatory disclosure requirement of this Court, need not include metadata; except that fields showing

the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5.  Absent agreement of the parties or further order of the Court, the following parameters shall apply to ESI production:

   A.  **General Document Image Format.**  Each electronic document shall be produced, at the producing party's option, either in its native format or in portable document format ("PDF") format; except that audio, video, and spreadsheet files must be produced in their native format.  Produced files shall be unitized and shall bear the appropriate file extension.  Industry-standard load files shall also be provided to indicate the unitization, location, and unique production (i.e., Bates) numbering of each produced file.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   B.  **Native Files.**  Each document produced in its native format shall be represented in the set of produced files by a slip sheet in PDF format that indicates the production (i.e., Bates) number and confidentiality designation for the native file that is being produced.  A party that receives a document produced in PDF format may make a reasonable request to receive the document in its native format, and, upon receipt of such a request, the producing party shall produce the document in its native format.  The producing party bears the burden of objecting to production in native format.

   C.  **Production Numbering.**  Each electronic document produced in its native format shall be designated a unique, sequentially ascending production (i.e., Bates)

number, and each page of all electronic documents produced in PDF format shall contain a footer with a unique, sequentially ascending production (i.e., Bates) number.

D. **Document Quality.** Electronic documents shall be produced in a manner that ensures that all text that is legible as maintained by the producing party remains legible in the form produced. Electronic documents must be produced in color to the extent that the native file contains color.

E. **Text-Searchable Documents.** A commercially acceptable technology for optical character recognition ("OCR") shall be used for all produced documents, and the OCR data shall be included as part of the load file or as separate text files that are linked by the load file. If a document contains redactions, the OCR data shall not include the redacted portions of the document but shall include the remaining unredacted text.

F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, personal digital assistants ("PDAs"), and mobile phones are deemed not reasonably accessible and need not be collected or produced to comply with discovery obligations in the present case; however, to the extent any party knows or learns of any relevant voicemails, PDAs, or mobile phones, that party should exercise reasonable care to protect against destruction of said voicemails, PDAs, or mobile phones.

G. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN,

or similar forms of media, to comply with its discovery obligations in the present case.

  H. **Source Code.** This Order does not govern the format for production of source code. The parties do not currently anticipate that source code will be produced in the present case; but, if production of source code becomes appropriate, the parties will submit a proposed Supplemental Protective Order that will govern production of source code.

  I. **Production Media and Encryption of Productions.** Unless otherwise agreed, electronic documents shall be produced, at the producing party's option, on CDs, DVDs, external hard drives, or flash drives, or via the Internet (e.g., SFTP). The producing party may encrypt production data using industry-standard encryption software (e.g., WinRAR) and send the decryption password to the receiving party separately from the production medium.

6. ESI produced in response to production requests under Federal Rules of Civil Procedure 34 and 45, or in compliance with any mandatory disclosure requirement of this Court, need not include e-mail or other forms of electronic correspondence (collectively "e-mail") except to the extent that a party actually knows or becomes aware of responsive or relevant e-mail or the e-mail is within the possession, custody, and/or control of Defendant and contains (1) the name of the inventor of the Patents-in-Suit (Marwan Afana), (2) the patent numbers of the Patents-in-Suit (8,589,236 and/or 10,535,058), and/or (3) the name of the Plaintiff (Mobile Equity Corp). To obtain e-mail of which the producing party is not actually aware, a requesting party must propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, and invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4; all at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the Court.  For good cause, the Court may allow discovery in excess of that allotted by the Discovery Order in the present case to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests.

8. E-mail production requests shall identify the custodian, search terms, and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.  Each requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The Court will consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of the present case.

9. Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court will consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of the present case.  The search terms shall be narrowly tailored to specific issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A

disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work-product protected ESI is not a waiver in the present case or in any other federal or state proceeding.

11. The mere production of ESI in the present case as part of a mass production shall not itself constitute a waiver for any purpose.

12. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 9th day of August, 2021.**

ROY S. PAYNE  
UNITED STATES MAGISTRATE JUDGE