IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE EQUITY CORP., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:21-cv-00126-JRG-RSP |
| | § | |
| WALMART INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM ORDER

On December 29, 2021, the Court held a hearing on a series of motions to compel (Dkt. Nos. 62, 65, 66, 72, 75, 80) filed by Plaintiff Mobile Equity Corp. ("MEC") and two motions to compel (Dkt. Nos. 56, 77) filed by Defendant Walmart Inc. This Order summarizes and memorializes the Court's rulings and reasons. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench.

Unless otherwise stated, all additional production ordered herein is due by **January 10, 202**2.

Accordingly, it is hereby **ORDERED** as follows:

**Plaintiff's Motions to Compel**

**1.     MEC's Second Motion to Compel Discovery (Dkt. No. 62)**

During the hearing the parties represented they were likely able to reach an agreement with respect to the substance of this motion. The motion is now **DENIED AS MOOT**.

**2.     MEC's Third Motion to Compel Discovery (Dkt. No. 65)**

MEC's Third Motion to Compel Discovery is **GRANTED**. MEC moves the Court to compel Walmart to produce Mr. Mike Cook for deposition. Dkt. No. 65 at 2. Defendant objects and argues that Mr. Cook is an apex witness. The Court finds Mr. Cook is not an apex witness and must be produced for deposition. Being one of 110 senior vice presidents does make him presumptively an

1

apex witness. Additionally, any such presumption would be overcome since there are other witnesses who have identified Mr. Cook as having unique knowledge. In particular, Mr. Cook appears to have unique first-hand knowledge regarding events that are directly relevant to MEC's damages claims as well as relevant to rebut assertions about the availability of non-infringing alternatives.

Due to the closing of Walmart's fiscal year (January 31, 2022), Walmart has indicated that it may be difficult to produce Mr. Cook for deposition. However, MEC has requested to depose Mr. Cook for several months. Walmart, however, has delayed Mr. Cook's deposition causing whatever prejudice may exist. It is **ORDERED** that Mr. Cook be produced for deposition no later than January 20, 2022. The Court, however, directs MEC to be as accommodating to Mr. Cook's schedule as is feasible, but to be clear—he is to be produced no later than January 20, 2022.

### 3.    MEC's Fourth Motion to Compel Discovery (Dkt. No. 66)

MEC's Fourth Motion to Compel Discovery is **GRANTED-IN-PART**. MEC moves the Court to compel Walmart to answer interrogatory nos. 4 and 7, and to produce documents pursuant to its document requests. Dkt. No. 66 at 2. Walmart is directed to supplement its response to MEC's interrogatory no. 4 and give a definite statement with respect to any arbitration and administrative proceedings, as well as produce any accompanying documents. As written, MEC's interrogatory no. 7 is too broad and does not warrant Walmart to undertake additional search efforts.

### 4.    MEC's Motion to Reopen Hearing on its First Motion to Compel (Dkt. No. 72)

MEC's Motion to Reopen Hearing on its First Motion to Compel is **GRANTED**. Plaintiff moves the Court to compel Walmart to produce additional source code information, Slack channels, and additional JIRA documentation. The Court is gravely concerned about the continuing resistance—and perhaps defiance—Walmart has shown with respect to the full

production of its source code and accompanying documentation. For instance, the Court previously ordered "Walmart to produce any source code contained in [the "Store Services"] module." Dkt. No. 55. Walmart did not. Plaintiff has demonstrated there is additional source code in the "Store Services" module that Walmart failed to produce, despite this Court's order.

Walmart is **ORDERED** to export all code in the "github" directory for "Store Services." Walmart is further **ORDERED** to produce all JIRA documents described on Plaintiff's Hearing Slide 20 in native format. Walmart is also **ORDERED** to produce relevant[1] Slack channels.

**5.**     **MEC's Fifth Motion to Compel Discovery (Dkt. No. 73)**

MEC's Fifth Motion to Compel Discovery is **GRANTED**. MEC moves the Court to compel Walmart to supplement/answer its interrogatories nos. 2 and 3, and to produce documents pursuant to its document requests. MEC's Interrogatory no. 2 states:

> Describe in detail your data on the usage of the Accused Products in the United States, including, identifying at least (on a monthly basis) for the Accused Products: the data fields you record related to the Accused Products; the number of unique users; the number of transactions[1]; the total transaction dollar value[2]; the amounts paid in transaction fees; the average, median, mean transaction values and amounts for transaction fees; and the sources, documents, and/or systems you use to record and determine this usage.

Dkt. No. 73 at 5. Walmart answered this interrogatory using Rule 33(d). Walmart choose to produce the daily total of Walmart Pay transactions for each of its thousands of stores, instead of a monthly company-wide total as requested. Thus, one day of transactions consumed approximately sixty pages having thousands of data entries.

This is an abusive and improper use of Rule 33(d). It is beyond belief that any Walmart executive takes these documents and manually tabulates them every day.

---

[1] There are roughly forty Slack channels Plaintiff identified as relevant. The Court is sensitive to the burden that Walmart would incur if all forty channels are ordered to be produced. The parties are **ORDERED** to meet and confer and narrow the list of forty channels. The Court is hesitant to place a limit on the number of channels that are to be produced but will resolve any dispute remaining after the parties' efforts.

Obviously, Walmart is in a much better position than MEC to accurately answer Plaintiff's interrogatory no. 2. Practices such as this cause the Court to ignore Walmart's reliance on huge numbers of documents produced as a sign of good faith efforts to respond to discovery. Walmart is **ORDERED** to fully answer interrogatory no. 2 and any accompanying document requests. Walmart shall provide a table that accurately answers each section of MEC's interrogatory.

> Interrogatory no. 3 states:
>
>  Describe in detail the terms of each relationship, including identifying the terms of agreements (e.g., financial, security, or other material terms), that you have with any payment provider you accept or have accepted for the Accused Products (e.g., "any major card, including VISA, MasterCard, AMEX, and Discover," Chase Pay), including the differences, if any, between the terms (e.g., financial terms, security, or other material terms) relating to the Accused Products compared to other ways customers may make purchases in your stores (e.g., swiping / inserting / tapping a card at a point-of-sale terminal or online) from January 2015 and the present.

*Id*. at 4. Walmart's main argument appears to be that these documents are too sensitive to reveal. *See generally* Dkt. No. 89. These agreements are highly relevant for MEC to explore what, if any, benefit Walmart may have obtained with card network providers in the development of the accused product. Given the highly relevant nature of the documents and the minimal burden of production, along with the protective order in place to protect Walmart, Walmart is **ORDERED** to answer interrogatory no. 3 and produce any accompanying documents, as described in MEC's document requests.

### 6.    **MEC's Sixth Motion to Compel Discovery (Dkt. No. 80)**

MEC's Sixth Motion to Compel Discovery is **GRANTED-IN-PART**. MEC seeks the production of "three 'buckets' of topics: 1) Walmart's marketing, benefits, or cost savings from the accused products; 2) Walmart's non-infringing alternatives ("NIAs"); and 3) Walmart's documents related to willfulness." Dkt. No. 80 at 2.

Walmart's production of marketing documents is seriously deficient. After review, the Court is convinced there are far more relevant documents that Walmart has not produced. This is particularly true in the "finance and treasury" sources. Walmart is **ORDERED** to search and produce documents related to marketing and costs in the marketing and "finance and treasury" sources.

Walmart has agreed to produce documents related to operational costs of maintaining the accused product. Walmart is **ORDERED** to produce operational cost documents as far back as December 2015 by January 10, 2022.

As for for non-infringing alternatives, Walmart is **ORDERED** to supplement its answer to interrogatory no. 16, but the motion is otherwise **DENIED**.

As for documents related to willfulness, Walmart is **ORDERED** to conduct the further search agreed at the hearing for IP policies and Corporate Development Team emails. Walmart also has not produced a definitive statement on its data retention policy. Walmart is **ORDERED** to produce all relevant data retention policies.

**Defendant's Motions to Compel**

1. **Walmart's Motion to Compel Prosecution-Related Documents for Asserted Patents (Dkt. No. 56)**

Walmart's Motion to Compel Prosecution-Related Documents is **DENIED**. Walmart moves to compel Plaintiff to produce "complete prosecution histories for international patent applications that are related to the patents asserted in this case." Dkt. No. 56 at 2. Based on the

briefing and the argument presented, the Court is satisfied that MEC has produced all the relevant non-privileged documents in its possession.

      **2.**      **Walmart's Second Motion to Compel Response to Interrogatory No. 8 (Dkt. No. 77)**

      Walmart's Second Motion to Compel Response to Interrogatory No. 8 is **GRANTED-IN-PART**. Walmart's interrogatory no. 8 asks for, among other things, offers to license. MEC did not adequately respond to the "offers" portion of Walmart's interrogatory no. 8 and is ordered to do so.

**Fees**

      Rule 37(a)(5)(A) provides that the Court "must" assess fees to the losing party unless to do so would be unjust. The Court finds that Walmart was not substantially justified in failing to provide complete discovery responses and that $25,000 is the reasonable award of fees to Plaintiff under the circumstances taking into account the multiple motions and hearings required. Accordingly, Walmart is **ORDERED** to pay MEC, through its counsel, the sum of $25,000 no later than January 31, 2022.

      **SIGNED this 4th day of January, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE