# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOBILE EQUITY CORP., <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC. <br><br> Defendant. | Civil Action No. 2:21-cv-00126-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

# **DEFENDANT WALMART INC.'S OBJECTIONS TO HON. JUDGE PAYNE'S CLAIM CONSTRUCTION ORDER**

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. P. 72(b)(2), Defendant Walmart Inc. ("Walmart") respectfully files its objection to the Claim Construction Opinion and Order (Dkt. No. 128) issued by the Honorable Mag. Judge Payne on January 25, 2022 ("the *Markman* Opinion") with respect to U.S. Patent No. 8,589,236 ("the '236 Patent") and U.S. Patent No. 10,535,058 ("the '058 Patent"), which share a substantially common specification. Walmart respectfully objects to the Court's construction of the preamble terms ("A method for conducting…," discussed at Section IV.A of the *Markman* Opinion), "merchant identifier" (*id.* at Section IV.B), "an appropriate financial institutions…" and "appropriate" (*id.* at Section IV.C & Section IV.E), and "mobile enablement center" (*id.* at Section IV.D). For the reasons set forth in Walmart's claim construction brief (Dkt. No. 60, "*Markman* Brief"), detailed in Walmart's *Markman* presentation (Dkt. No. 102, Ex. A, "*Markman* Presentation"), and explained on the record during the *Markman* hearing (Dkt. No. 108, "*Markman* Hearing")—which are all incorporated herein as if fully set forth—as well as the arguments below, the Court should sustain Walmart's objections and adopt the respective constructions or indefiniteness conclusions proposed in Walmart's *Markman* Brief.

**II.     THE PREAMBLE TERMS**

The *Markman* opinion concluded that both preamble terms are "[n]ot limiting" for claim 1 of the '058 Patent and claim 1 of the '236 Patent. *Markman* Op. at 18. The Court found that "the body [of the claims] already describes a structurally complete invention," and that the preamble did not otherwise "breathe life" into the claim. *Id.* at 9. Walmart respectfully objects that the preamble should have been deemed limiting. Initially, deeming the <u>entire</u> preamble non-limiting— as the *Markman* Opinion does—renders the claims indefinite for lack of antecedent basis, because all parties concede (and the *Markman* Opinion holds) that the preamble provides the only antecedent basis for multiple terms in the body of each claim, including "merchant," "customer,"

1

and "mobile device." *See, e.g.*, Walmart's *Markman* Br. at 2-8; Walmart's *Markman* Presentation at 10-36; *Markman* Hearing at 14:10-25:23. Since the preamble provides the only antecedent basis for multiple terms in the body, Walmart submits that a construction of "not limiting" is misplaced. *Id.* at 2 (quoting *In re Fought*). Further, the specification confirms why the Court should not, in the alternative,[1] adopt MEC's position that the preamble is only <u>partly</u> limiting (to the exclusion of the phrase "conducting a transaction") because doing so inappropriately parses preamble language that is intertwined with conceded antecedent bases. *Bio-Rad Labs. v. 10X Genomics*, 967 F.3d 1353, 1371 (Fed. Cir. 2020) ("The language relied upon for antecedent basis in the preamble at issue is intertwined with the rest of the preamble."); *SIMO Holdings v. Hong Kong uCloudlink*, 983 F.3d 1367, 1376 (Fed. Cir. 2021) ("We decline to parse the preamble" when the remaining language is related to "the inventive advances" disclosed by the patent). Walmart's *Markman* Brief extensively tracks how "the claimed invention" involves a merchant and customer "conducting a transaction," documenting how the parties are "executing a transaction" rather than merely initiating one. *See, e.g.*, *id.* at 3-5. The *Markman* Opinion recognizes these ample disclosures, but rejects them on the basis that "Walmart…reads 'executes' in these citations too strictly." *Markman* Op. at 10. Such holding contravenes the requirement to read claims in light of the specification.

Finally, even if the preamble recited only a statement of intended use (it does not), binding Federal Circuit precedent requires it be deemed limiting where, as here, (1) the specification defines the invention using that language, and (2) the patentee relied on that language to overcome rejections before the USPTO. *See, e.g.*, *Markman* Br. at 3-6; *Markman* Presentation at 26-30. In its Field of Invention, the patentee informed the public that its invention involved "using mobile devices to execute"—not merely initiate—"a commercial transaction." *See, e.g.*, *Markman* Br. at

---

[1] *Cf. Markman* Tr. at 16:5-17 (confirming the Court's holding that "the <u>entire</u> preamble" is not limiting); *Markman* Opinion at 18 ("The Court's Construction" is "Not limiting."). MEC's infringement report applies this understanding.

3-4 (citing Federal Circuit precedent construing virtually identical language as limiting)). Moreover, the patentee made repeated, express assertions that its invention involved "completing" a transaction to overcome invalidity rejections related to prior art and patent-ineligibility. *See, e.g.*, *Markman* Br. at 4-6; *Markman* Presentation at 26-30. Both of these are independent bases to consider the preamble limiting. The *Markman* Opinion does not discuss either of these arguments.

### III. MERCHANT IDENTIFIER

The Court correctly recognized that "the specification" discloses a definition of "merchant identifier," and largely adopts that definition, appropriately rejecting Plaintiff's contention that the specification's disclosure does not inform this term's construction. *Markman* Op. at 11-12; *see also, e.g.*, *Markman* Br. at 8-15; *Markman* Presentation at 35-54. However, Walmart respectfully suggests the *Markman* Opinion should not have modified the definition set forth by the patentee. While the specification defines a merchant identifier to be "a unique identifier associated with a merchant," the *Markman* Opinion construed the term as "an identifier associated with a particular merchant." *Markman* Op. at 12. The patentee's disclosure that the merchant identifier "<u>is</u> a unique identifier associated with a merchant" qualifies as lexicography that must be effectuated. *See, e.g.*, *Markman* Br. at 8-15; *Markman* Presentation at 35-54. The purpose and structure of the claims supports effectuating this lexicography. *Markman* Br. at 13-15; *Markman* Presentation at 35-54. The *Markman* Opinion does not cite any disclosures supporting its alteration.

### IV. "AN APPROPRIATE FINANCIAL INSTITUTIONS…" AND "APPROPRIATE"

Walmart levied two challenges to the definiteness of these terms. First, Walmart noted that the specification provided no boundaries for "appropriate." *See, e.g.*, *Markman* Br. 15-19; *Markman* Presentation at 55-70. Second, Walmart noted that there were multiple equally plausible, but materially dissimilar ways to interpret the claim, as requiring one single institution ("<u>an</u>…institution[]") shared by the merchant and customer, or as requiring multiple institutions,

separately for the customer and merchant (as shown by plural reference to "financial institution<u>s</u>"). *Markman* Br. 15-19; *Markman* Presentation at 55-70.

The *Markman* Opinion rejected the first challenge by indicating that "a lay person" would understand "appropriate" to mean "something that is right for the purpose." *Markman* Op. at 13 (citing yourdictionary.com/appropriate, 1/10/2022). However, since this would give "appropriate" the same meaning as other claim language, the Opinion further explained that the rule against superfluity "is not…inflexible," and equated "appropriate" to other claim language. *Id*. Walmart respectfully suggests that this errs, as it <u>entirely</u> reads the term "appropriate" out of the claim. *See, e.g.*, *Markman* Br. at 15-18. This is not a case where two terms have some overlap in meaning—potentially permissible superfluity. Instead, the *Markman* Opinion gives "appropriate" <u>no</u> meaning, treating the claim scope as identical even if "appropriate" were removed. That fails to effectuate the patentee's inclusion of the word "appropriate," to distinguish "appropriate financial institutions" from ostensibly "[in]appropriate financial institutions." *See, e.g.*, *id.* Finally, the online dictionary from 2022 is not proper extrinsic evidence.

Further, the *Markman* Opinion rejected the second challenge on the basis that "nothing in the specification requires more than one financial institution." *Markman* Op. at 14. However, Walmart cites intrinsic evidence showing that the claims presume "communicat[ion] with financial institution<u>s</u>"—plural—and the term "institutions" is itself plural, suggesting a minimum of two or more institutions. *See, e.g.*, *Markman* Br. at 18-20; Markman Presentation at 61-70. Since "there are multiple equally plausible but materially dissimilar constructions"—either one shared institution, *Markman* Op. at 14, or multiple institution<u>s</u>, as the claim language and specification also suggest—the claims "fail the 'reasonable certainty' standard, even if none of the competing

4

constructions are 'insolubly ambiguous.'" *See, e.g.*, *Markman* Presentation at 68.[2]

## V. MOBILE ENABLEMENT CENTER

Walmart challenged this term as indefinite because the claimed "mobile enablement center" is a black-box disclosure of a patentee-coined term without adequate structural support.[3] *Markman* Br. at 20-23; *Markman* Presentation at 74-84. The *Markman* Opinion did not dispute that "mobile enablement center" was a patentee-coined term. It also did not adopt Plaintiff's suggestion of structure (Plaintiff suggests "platform" is structural). Instead, it found that § 112 ¶ 6 does not apply absent the word "means," and further found that surrounding disclosures imply sufficient structure to "overcome Walmart's indefiniteness challenge." *Markman* Op. at 15-16. For example, it refers to the "mobile enablement center" in "communication with a register of payment processing servers," sending and receiving information such as "routing numbers" for banks. *Id.*

Walmart respectfully submits such disclosures are insufficient as a matter of law. Initially, the *Markman* Opinion erred in treating the absence of the word "means" as dispositive of § 112 ¶ 6, particularly when—as here—the term is <u>undisputedly</u> a nonce word invented by the patentee. *Markman* Br. at 20. Moreover, the disclosures cited by the *Markman* Opinion are purely functional, as they describe actions taken by the mobile enablement center rather than particular structures for performing those actions. The *Markman* Opinion cites no precedent in holding that functional disclosures (i.e., send and receive information) connote structure under § 112 ¶ 6. Nor does it address the Federal Circuit's precedent to the contrary. *Markman* Br. at 20-23.

For the foregoing reasons, the Court should sustain Walmart's objections to each term.

---

[2] The *Markman* Opinion faults Walmart for failing to identify a specific skill level for the person of ordinary skill ("POSA"). Walmart respectfully notes that no party identified a specific skill level, as the parties appeared to agree the constructions were determinable as a matter of law, and do not turn on the specific factual knowledge of a POSA. Indeed, the *Markman* Opinion does not identify a specific level of skill, but appropriately still construed terms.
[3] The Court again faulted Walmart for not identifying a specific skill level. Walmart respectfully submits that identifying a specific skill level is not necessary where the specification disclosures fail as a matter of law.

5

Dated: February 8, 2022

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Debby Gunter
State Bar No. 24012752
FINDLAY CRAFT, P.C.
102 N. College Ave. Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: dgunter@findlaycraft.com

Kathryn Riley Grasso
Damon Marcus Lewis
Henry R. Fildes
DLA Piper LLP (US)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
Email: Kathryn.Riley@us.dlapiper.com
Email: Damon.Lewis@us.dlapiper.com
Email: Henry.Fildes@us.dlapiper.com

Christian Chessman
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: (650) 833-2112
Fax: (650) 687-1141
Email: Christian.Chessman@us.dlapiper.com

Benjamin Yaghoubian
DLA PIPER LLP (US)
2000 Avenue of the Stars, Ste 400, N. Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3000
Email: benjamin.yaghoubian@us.dlapiper.com

***COUNSEL FOR DEFENDANT***
***WALMART INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, I electronically filed **DEFENDANT WALMART INC.'S OBJECTIONS TO HON. JUDGE PAYNE'S CLAIM CONSTRUCTION ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                    */s/ Eric H. Findlay*
                                                    Eric H. Findlay