# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Mobile Equity Corp.,<br><br>*Plaintiff*,<br><br>v.<br><br>Walmart Inc.,<br><br>*Defendant*. | Civil Action No.: 2:21-CV-00126-JRG-RSP<br><br>JURY TRIAL DEMANDED |

# MOBILE EQUITY CORP.'S MOTION
# FOR SUMMARY JUDGMENT FOR
# NO FAILURE TO MARK UNDER 28 U.S.C. § 287

## I. INTRODUCTION

Mobile Equity Corp. ("MEC") hereby moves for summary judgment on Walmart Inc. ("Walmart")'s claim that MEC "is barred from recovering damages, in whole or in part, by 35 U.S.C. § 287." (Dkt. No. 13, ¶ 141 ("Walmart's Answer")). MEC has only ever asserted method claims in this matter, and, as discussed below, under applicable law from the Federal Circuit and this District, method claims do not trigger the marking requirements of § 287. Despite Walmart's answer, this issue has not been contested, and both MEC's and Walmart's damages experts contemplate a lump-sum royalty from December 2015 through the life of the patents. In other words, both experts contemplate damages for the entire pre-suit period. MEC asks the Court to grant summary judgment that MEC is not barred by § 287(a) from recovering pre-suit damages.

## II. BACKGROUND FACTS

MEC has only ever asserted method claims in this matter. On July 1, 2021, MEC timely served its P.R. 3-1 disclosures, including its listing of each claim MEC asserted Walmart infringed:

> MEC asserts that Walmart infringe at least claims 1–5, 10–12, and 14 of 8,589,236 ("the '236 Patent") and claims 1, 3, 6, 8, and 13–14 of U.S. Patent No. 10,535,058 ("the '058 Patent") (collectively, "the Asserted Claims")

(Ex. 1 (cover page and excerpt from MEC's infringement contentions)). The Asserted Claims are all either independent method claims—claim 1 of the '236 Patent and claim 1 of the '058 Patent—or claims that depend on those method claims. (*See* Dkt. No. 1-1 at p. 24 ('236 Patent Claims); Dkt. No. 1-2 at p. 25 ('058 Patent Claims)). On January 28, 2022, MEC served its expert report on Walmart's infringement, addressing these same claims:

39. It is my opinion that Walmart infringes claims the following claims of the '236 and '058 Patents, as detailed below.

| Patent | Asserted Claims |
|---|---|
| '236 Patent | 1, 2, 3, 4, 5, 10, 11, 12, 14 |
| '058 Patent | 1, 3, 6, 8, 13, 14 |

(Ex. 2 (cover page and excerpt from Jakobsson report)).

Walmart has not disputed marking under § 287 in this matter. "[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1369 (Fed. Cir. 2017). Walmart never provided MEC with such an identification. The parties have now served their expert reports, and no Walmart expert asserts an alleged failure to mark by MEC.

## III. APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. ("Rule") 56(a). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The patentee bears the burden of pleading and proving compliance with § 287(a). *Arctic Cat*, 876 F.3d at 1367. However, "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287." *Id.* at 1368. A defendant "ha[s] a duty to comply with its

Initial Disclosure obligations under the Local Rules and the Court's Discovery Order" to identify articles it contends should be marked under *Arctic Cat*. *Freeny v. Fossil Grp., Inc.,* Case No. 2:18-CV-00049-JRG-RSP, 2019 U.S. Dist. LEXIS 230728, at *9 (E.D. Tex. July 24, 2019).

The marking requirement does not apply "where the patent is directed to a process or method." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012) (collecting cases). The marking requirement also does not apply where the patent contains a mix of method and apparatus claims but only method claims are asserted. *See Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009) ("The law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method. In *Hanson* … we held that 35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims."); *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6. F.3d 1523, 1538–39 (Fed. Cir. 1993) (same); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1082–83 (Fed. Cir. 1983) (holding 35 U.S.C. § 287(a) does not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims); *CXT Systems Inc. v. Academy, LTD. d/b/a Academy Sports + Outdoors*, Case No. 2:18-cv-171-RWS RSP, Dkt. No. 428, 2020 WL 9936135 (E.D. Tex. Jan. 28, 2020) (accord, addressing case where apparatus claims had been asserted); *Packet Intelligence LLC v. NetScout Sys.*, Case No. 2:16-CV-00230-JRG, 2019 WL 2375218, at *21 (E.D. Tex. June 4, 2019) ("Asserted Claims of the [] Patents are not subject to the marking statute because they are method claims"); *Intellectual Ventures II LLC v. Sprint Spectrum, L.P., et al.*, Case No. 2:17-cv-662-JRG-RSP, Dkt. No. 456 (E.D. Tex. April 18, 2019) (accord, addressing case with mix of asserted-claim types); *ContentGuard Holdings Inc. v. Amazon.com, Inc., et al.*, Case No. 2:13-cv-1112-JRG, Dkt.

No. 831, 2015 U.S. Dist. LEXIS 179390 (E.D. Tex. Aug. 10, 2015) (accord, addressing 287(a) issues in detail).

## IV. ARGUMENT

MEC has asserted only method claims in this matter, and MEC—based on its contentions, expert reports, and the rules of this Court—can now only assert method claims at trial. Asserting only method claims does not trigger the marking requirements of § 287(a). *Crown Packaging*, 559 F.3d at 1316. Therefore, MEC cannot be barred from receiving pre-suit damages by § 287(a). Beyond that, Walmart has also never provided a disclosure under *Arctic Cat* to satisfy its initial burden under § 287 and so has failed to meet its burden to contest this issue.

MEC believes summary judgment on this issue will simplify the case for trial: it will save the jury from having to address what MEC understands to be a legal issue under the facts of this case.

## V. CONCLUSION

MEC asks the Court to grant MEC summary judgment that it is not barred from recovering pre-suit damages for its asserted claims (as listed above) under 28 U.S.C. § 287(a).

.

Dated: March 1, 2022

    /s/ Rudolph Fink IV

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for Mobile Equity Corp.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this March 1, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/Rudolph Fink IV
Rudolph Fink IV
