EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE EQUITY CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-cv-126-JRG-RSP |
| | § | |
| WALMART INC., | § | |
| | § | JURY TRIAL |
| *Defendant* | § | |
| | § | |

**PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND ACCOMPANYING DOCUMENT PRODUCTION**

Under Local Patent Rule 3-1 and 3-2, Plaintiff Mobile Equity Corp. ("MEC") makes the following Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production as to Defendant Walmart Inc. ("Defendant" or "Walmart"). MEC does not waive any claim, contention, or argument regarding the factual and/or legal details of the following preliminary infringement contentions. Moreover, the following should not be construed as MEC's preliminary construction of any asserted claim or claim term.

MEC reserves the right to modify, amend, supplement, or otherwise alter these contentions based on receipt of further information that will be furnished by, produced by, or otherwise made available by Defendant through discovery that is not available at the time of these disclosures. For example, but without limitation, because Defendant's accused products and services use software and/or firmware to perform certain operations, details regarding the operation of the Accused Products are presently unavailable to MEC. Accordingly, MEC reserves the right to supplement and/or amend its contentions pursuant to the Court's Discovery

Order, should that become necessary as a result. Moreover, MEC reserves the right to contend that the claims do not require further construction, clarification, or interpretation.

The claim charts attached herewith are not designed to represent the entire scope of infringement, but are merely to illustrate examples of manners in which the Accused Products infringe the identified claims of MEC's Patents. Further, the division of claim elements in the attached claim charts is neither intended to be a modification of the claim language itself nor an admission that the claims should be construed by the division. Rather, the division of claim elements is provided for purposes of convenience and clarity.

### Disclosure of Asserted Claims and Infringement Contentions

**I. Disclosure Under P.R. 3-1(a)**

MEC asserts that Walmart infringe at least claims 1–5, 10–12, and 14 of 8,589,236 ("the '236 Patent") and claims 1, 3, 6, 8, and 13–14 of U.S. Patent No. 10,535,058 ("the '058 Patent") (collectively, "the Asserted Claims"). MEC alleges that Walmart infringes each of the Asserted Claims of the Patent-in-Suit directly, contributorily, and/or by inducement (including under 35 U.S.C. § 271(f)(1) and (f)(2)), as alleged in the Complaint.

**II. Disclosure Under P.R. 3-1(b)**

MEC alleges that Walmart Pay[1] infringes each of claims 1–5, 10–12, and 14 of the '236 Patent and each of claims 1, 3, 6, 8, and 13–14 of the '058 Patent. On information and belief, the functionality of each version since its launch has utilized the functionality in the attached claim charts. Identification of the above is based on the reasonably available public information, and MEC reserves the right to amend this list should additional items be identified during discovery.

---

[1] Walmart Pay, as accused of infringement in this case, includes the uses of Walmart Pay in connection with any form of payment that uses the Walmart Pay process as detailed in the attached charts regardless of how it is branded or identified within Walmart, including but not limited to "Scan & Go" and any other uses of Walmart Pay.