# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Mobile Equity Corp., *Plaintiff*, v. Walmart Inc., *Defendant*. | Civil Action No.: 2:21-CV-00126-JRG-RSP <br><br> JURY TRIAL DEMANDED |

## MOTION TO STRIKE THE TESTIMONY OF
## <u>MARILEA W. LEWIS</u>

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION ........................................................................................................ 1

II.    BACKGROUND ......................................................................................................... 1

III.    APPLICABLE LAW .................................................................................................. 2

IV.    ARGUMENT ............................................................................................................... 3

    A.    Judge Lewis' Testimony Is Not Relevant ................................................... 3

    B.    Judge Lewis Offers Only Inadmissible Legal Conclusions ....................... 7

    C.    Judge Lewis' Testimony Is Not Reliable ................................................. 10

    D.    Judge Lewis Is Not Qualified ................................................................... 14

V.    CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Statutes**

Texas Family Code Annotated § 3.104 (Vernon 1998) ............................................................. 13, 14

**Cases**

*Atlas Powder Co. v. E.I. du Pont De Nemours & Co*
    750 F.2d 1559 (Fed. Cir. 1984) ................................................................................................ 12

*Calderon v. Bank of America, N.A.*,
    941 F. Supp. 2d 753 (W.D. Tex. 2013) ..................................................................................... 9

*DDB Techs., L.L.C. v. MLB Advanced Media*,
    517 F.3d 1284 (Fed. Cir. 2008) ................................................................................................. 5

*Feld Motor Sports, Inc. v. Traxxas, LP*,
    No. 4:14-CV-543, 2015 U.S. Dist. LEXIS 103515 (E.D. Tex. Aug. 7, 2015) .................... 2, 9

*Jean v. Tyson-Jean*,
    118 S.W.3d 1 (Tex. App.– Houston [14th Dist.] 2003, pet. denied) ...................................... 13

*Joseph v. Signal Int'l L.L.C.*,
    No. 1:13-CV-324, 2015 U.S. Dist. LEXIS 180308 (E.D. Tex. Feb. 12, 2015) ...................... 3

*ION, Inc. v. Sercel, Inc.*,
    No. 5:06-CV-236-DF, 2010 U.S. Dist. LEXIS 142444 (E.D. Tex. Sept. 16, 2010) ........... 5

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ................................................................................................................... 3

*Lassberg v. Barrett Daffin Frappier Turner & Engel, L.L.P.*
    No. 4:13-cv-00577, 2014 U.S. Dist. LEXIS 200485 (E.D. Tex. Sept. 18, 2014) ................ 9

*Marimuthu v. Signal Int'l, L.L.C.*
    No. 1:13-CV-499, 2015 U.S. Dist. LEXIS 195157 (E.D. Tex. June 26, 2015) ................ 14

*Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284 (Fed. Cir. 2007) ................................... 3

*Mobility Workx, LLC v. Cellco P'ship*,
    Civil Action No. 4:17-CV-00872, 2019 U.S. Dist. LEXIS 191345 (E.D. Tex. Nov. 5, 2019) ........................................................................................................................................... 3

*Morris v. Acer Am. Corp.*
   No. 2:08-CV-127, 2009 U.S. Dist. LEXIS 30944 (E.D. Tex. Mar. 10, 2009) .................... 8

*Orthoflex, Inc. v. ThermoTek, Inc.*,
   986 F. Supp. 2d 776 (N.D. Tex. 2013) ................................................................. 9

*Pipitone v. Biomatrix, Inc.*,
   288 F.3d 239 (5th Cir. 2002) .............................................................................. 3

*Roman v. Western Mfg.*,
   691 F.3d 686 (5th Cir. 2012) .............................................................................. 4

*Script Sec. Sols., LLC v. Amazon.com, Inc.*,
   No. 2:15-CV-WBC, 2016 U.S. Dist. LEXIS 150209 (E.D. Tex. Oct. 31, 2016) ................ 6

*Sivertson v. Citibank, N.A.*
   No. 4:18-CV-00169-ALM-CAN, 2019 U.S. Dist. LEXIS 104504
   (E.D. Tex. Apr. 18, 2019) ................................................................................ 14

*Solas Oled Ltd v. Samsung Display Co.*
   No. 2:19-cv-152-JRG (E.D. Tex. March 1, 2021) ............................................... 12

*Sting Soccer Operations Grp. LP v. JP Morgan Chase Bank, N.A.*
   No. 4:15-CV-127, 2016 U.S. Dist. LEXIS 102326 (E.D. Tex. Aug. 4, 2016) ................... 7

*WiAV Solutions LLC v. Motorola, Inc.*
   631 F.3d 1257 (Fed. Cir. 2010) ........................................................................ 13

**Rules**

Federal Rule of Evidence 402 ............................................................................. 3, 6

Federal Rule of Evidence 702 ........................................................................... *passim*

Federal Rule of Evidence 704 ............................................................................... 9

Federal Rule of Civil Procedure 26(a) ...................................................................... 5

Federal Rule of Civil Procedure 37(c) ...................................................................... 5

I.  **INTRODUCTION**

Plaintiff Mobile Equity Corp. ("MEC") respectfully requests that the Court strike the testimony of Marilea W. Lewis, a witness Defendant Walmart Inc. disclosed as an expert under Federal Rule of Civil Procedure 26(a)(2). Judge Lewis, as her title indicates, is a practicing attorney and a one-time Texas district court judge. The expert report she submitted in this case, which reads exactly like an opinion, concerns only one issue—the legal, jurisdictional issue of standing. Her opinions, therefore, have no relevancy to a material fact issue and cannot assist the jury in any way. They are also the product of an unreliable methodology, as Judge Lewis either wholly ignores critical portions of patent law or applies an incorrect understanding of important legal principles. Also, as Judge Lewis, herself, admits, she is without experience in patent law. A witness who disclaims knowledge of even the foundational concepts of federal patent law should not be granted the persuasive title of "expert" and be permitted to instruct the jury on her legal conclusions concerning standing.

Striking Judge Lewis' testimony will prevent this result. But it will not materially affect any of the testimony of Walmart's other disclosed expert witnesses, as none of them rely on her report. Nor will it even substantively impinge on Walmart's ability to make its argument concerning standing in a motion to dismiss. Presumably, Walmart's attorneys can formulate their own legal arguments without Judge Lewis' aid. But what should not be permitted is the supplanting of the Court's role by Judge Lewis at trial in front of the jury. Her testimony should be struck in its entirety.

II.  **BACKGROUND**

On February 15, 2022, Walmart submitted the expert report of Judge Lewis, which is attached hereto as Exhibit A. On February 25, 2022, Judge Lewis was deposed.

1

Judge Lewis' background is as an attorney and Texas state judge. Exh. B, Lewis R. Depo. Trans. at 21:25–26:12. She left the role of District Judge of the 330th Judicial District in 2011 and resumed her work as an attorney. *Id*. She is currently a partner at the Dallas law firm Duffee + Eitzen. *Id*. Excluding this case, she has never acted as an expert witness in a federal suit. *Id*. at 41:15–42:14.

Judge Lewis' expert report intends to provide opinions only as to the issue of standing. *See* Exh. A, Lewis Expert Report at *Assignment*. Her ultimate opinion is that "[MEC] has failed to meet its burden of proof to establish standing . . . ." *Id*. at *Conclusion*. She arrives at this conclusion by contending that the community property principles imposed by the Texas Family Code affected the assignments of the Asserted Patents[1] and result in an evidentiary failure in proving standing. *See id*.

### III.  APPLICABLE LAW

"Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue." *Feld Motor Sports, Inc. v. Traxxas, LP*, No. 4:14-CV-543, 2015 U.S. Dist. LEXIS 103515, at *4 (E.D. Tex. Aug. 7, 2015). "The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable." *Id*. at *4–5.

"Courts act as gatekeepers of expert testimony 'to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"

---

[1] "Asserted Patents" is used throughout this Motion in reference to U.S. Patent Nos. 8,589,236 and 10,535,058.

*Mobility Workx, LLC v. Cellco P'ship*, Civil Action No. 4:17-CV-00872, 2019 U.S. Dist. LEXIS 191345, at *8–9 (E.D. Tex. Nov. 5, 2019) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)). "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Id.* (quoting *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)).

## IV. ARGUMENT

Judge Lewis' testimony should be struck for any of the following independent reasons: (1) the testimony is not relevant to an issue that will be before the jury; (2) she offers only legal conclusions; (3) her methodology is not reliable; and (4) she is not qualified to opine upon the subject matter covered by her expert report.

### A. Judge Lewis' Testimony Is Not Relevant

"[S]tanding is a question of law . . . ." *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1291 (Fed. Cir. 2007); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (same). This is the only issue Judge Lewis intends to offer testimony on; her ultimate opinion reads: "Plaintiff has failed to meet its burden of proof to establish *that it has standing* to bring this action because it has overlooked the applicable provisions of the Texas Family Code and the presumption of community property." Exh. A, Lewis Expert Report, at *Conclusion* (emphasis added). As Judge Lewis expressly limits the scope of her intended testimony to an issue that will not be before the jury—i.e., whether or not MEC has standing to bring this action—her testimony does not satisfy the relevancy requirements under Rules[2] 402 and 702 and it should be struck in its entirety. *See Joseph v. Signal Int'l L.L.C.*, No. 1:13-CV-324, 2015 U.S. Dist. LEXIS 180308, at *24 (E.D. Tex. Feb. 12, 2015) ("Expert testimony which does not relate to any issue in the case is

---

[2] Unless indicated otherwise, "Rule" is used throughout this Motion in reference to the Federal Rules of Evidence.

3

not relevant, and ergo, not helpful.") (quoting *Roman v. Western Mfg.*, 691 F.3d 686, 694 (5th Cir. 2012)).

Judge Lewis' report leaves no ambiguity that the only purpose of her testimony is to show a lack of standing. *See* Exh. A, Lewis Expert Report, at *Assignment* ("I have been asked to determine whether [MEC] has all rights, title, and interest to the Asserted Patents to have standing to bring this action."). Her deposition testimony is equally emphatic:

> A. [M]y expertise was to determine whether or not the plaintiff had standing.
>
> . . .
>
> Q. The conclusion you arrive at in your expert report only relate[s] [to the] issue of standing, correct?
>
> A. At this time yes, sir it does.

Exh. B, Lewis R. Depo. Trans. at 16:20–17:10; *see also id*. at 18:21–19:8.

Judge Lewis further explicitly disclaimed any intention to opine upon a material fact issue that will be before the jury, such as the issue of damages:

> Q. You don't intend to provide any opinions as to valuation of the asserted patents, do you?
>
> A. No, sir, I do not.
>
> . . .
>
> Q. Do you intend [to] provide any opinions in this case related to [the] issue of damages?
>
> A. No, sir I don't believe so[.] I think standing might be a corollary[.] [I]f there is standing that could go to the issue of damages[.] But to the amount of damages or anything of that sort[,] no that's not my area of expertise or my purpose for being retained as an expert.
>
> Q. Out[side] of [the] legal relation standing might have to damages, you are providing no further opinions as to the appropriate amount of damages to be awarded in this case?

> A. No, sir I am not.

*Id*. at 17:8–10, 18:9–20.

The issues of infringement and validity were likewise disclaimed:

> Q. [A]re you intending to provide any opinions related to [the] operation of Walmart Pay?
>
> A. No, sir.
>
> Q. Are you intending [to] provide any opinions related [to] validity in this case?
>
> A. Validity of the patents[?]
>
> Q. Yes, ma'am[.]
>
> A. I have . . . not been tasked with doing that[.] [N]o, sir.

*Id*. at 17:25–18:8, 18:9–20; *see also id*. at 17:16–18.

If Walmart attempts to argue that Judge Lewis' testimony has some application other than to the issue of standing, it will not only be in contravention with Judge Lewis' own testimony (and, almost certainly, come as a considerable surprise to her) but will also be in violation of the disclosures requirements of Federal Rule of Civil Procedure 26(a). *See ION, Inc. v. Sercel, Inc.*, No. 5:06-CV-236-DF, 2010 U.S. Dist. LEXIS 142444, at *3 (E.D. Tex. Sept. 16, 2010) ("Expert testimony can be excluded pursuant to Rule 37(c) to the extent it exceeds the material disclosed in the expert's report as required by Rule 26(a)."). Standing is the sole issue Judge Lewis' testimony may be proffered in relation to, and this issue is not one that will—in any way—be resolved by the jury in this case. *See DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290–91 (Fed. Cir. 2008) (holding that the standing issue is not for the jury if the jurisdictional facts bearing on standing are not intertwined with the substantive patent law governing the parties' infringement and invalidity contentions).

5

Walmart may argue that because it is challenging standing on factual sufficiency grounds—specifically, that Mr. Afana's assignments failed to transfer ownership of the Asserted Patents to MEC—there exists an underlying factual issue that Judge Lewis' opinions will assist the jury in determining. But it would be wrong in doing so, as Federal Circuit Judge Bryson (sitting by designation) makes clear in his decision in *Script Sec. Sols., LLC v. Amazon.com, Inc.*, No. 2:15-CV-WBC, 2016 U.S. Dist. LEXIS 150209 (E.D. Tex. Oct. 31, 2016). There, the defendant's standing challenge presented the "quotidian question [of] whether the chain of assignments effectively transferred the patent rights to the plaintiff." *Id*. at *12. When such is the case, Judge Bryson held that "the factual questions bearing on the issue of standing will be heard by, and decided by, the court, and not by the jury." *Id*. at *13.

The instant factual situation necessitates the same conclusion. *See id*. Walmart is (apparently) contending that, under applicable state law, the documents used to transfer patent rights to MEC were ineffectual (or, at least, insufficient). *See* Exh. A, Lewis Expert Report, at *Conclusion*. But this is a conventional standing challenge premised on patent ownership and relates to no merits-based argument. Walmart is not contending, for example, that Mr. Afana did not invent the patented inventions and, therefore, could not transfer any rights (which would implicate the merits-based issue of inventorship). *See id*. Walmart's argument implicates only the jurisdictional question of standing. *See id*. It is the type of argument Judge Bryson explained can only raise underlying factual issues that are to be exclusively decided by the court. *Script Sec. Sols*, 2016 U.S. Dist. LEXIS 150209, at *13 ("[T]he issue of ownership is presented simply as one of standing for the Court, not the jury, to decide."). MEC, accordingly, respectfully requests that the Court strike Judge Lewis' testimony under Rules 702 and 402. *See id*.

### B. Judge Lewis Offers Only Inadmissible Legal Conclusions

"[A]n expert witness may not offer opinions that amount to legal conclusions." *Sting Soccer Operations Grp. LP v. JP Morgan Chase Bank, N.A.*, No. 4:15-CV-127, 2016 U.S. Dist. LEXIS 102326, at *6 (E.D. Tex. 2016). Judge Lewis, however, only offers opinions that amount to legal conclusions, as she admits to in her deposition testimony:

> Q. Would you say that the conclusion[s] you arrived at in your expert report are legal conclusions?
>
> A. As opposed to illegal conclusion[s][?] They are based on upon my understanding of applicable law and the case law that I've reviewed yes, sir[.] So I guess those would be legal . . . .

Exh. B, Lewis R. Depo. Trans. at 16:5–10.

Judge Lewis' analysis is prototypically a legal one: She identifies what she believes to be the relevant legal precedent, applies it to a certain group of facts, and then draws a legally significant conclusion. This is evident simply by looking at the structure of her expert report, which mimics the form of a court-issued opinion. *See* Exh. A, Lewis Expert Report (including "*Overview of Texas Law*" and "*Applicable Law*" sections, for example). Inherently, opinions that are a product of such an analysis can only come in the form of legal conclusions. Judge Lewis agrees with this assessment:

> Q. How would you describe the analysis you were assigned to undertake in this case?
>
> A. The analysis that I was assigned was does the plaintiff have standing . . . .
>
> Q. Is it fair to say that's a legal analysis?
>
> A. Yes, sir.

Exh. B, Lewis R. Depo. Trans. at 18:21–19:8.

7

It would be rather odd to disagree with Judge Lewis on this point—a one-time Texas district judge is, of course, more than capable of deciphering a legal analysis from a factual one, especially when the analysis is one she personally undertook.

Even putting aside Judge Lewis' own characterization, an objective examination of the substance of her report leads to the same conclusion. For example, Judge Lewis discusses Ms. Kassem's knowledge of the assignment of the Asserted Patents and (wrongly) treats it as a material factual issue. Exh. A, Lewis Expert Report at *Applicable Law* ("Was Ms. Kassem aware that her undivided community interest was allegedly assigned to Faber Financial"?). Judge Lewis, however, does not resolve this issue; she only ascribes a particular legal significance to its existence, namely, that it means MEC has failed to carry its burden of proving standing. *See id*. at *Conclusion*. She provides the same sort of treatment to the question of whether Mr. Afana "commingled" the Asserted Patents with Ms. Kassem's sole-management community property, in that, she purports only to identify its existence as a materially disputed issue but provides no opinion as to whether it actually happened or not. *See id*. at *Overview of Texas Law*. Put succinctly, Judge Lewis stops short of resolving *any* factual issue she believes to be underlying the issue of standing. *See* Exh. B, Lewis R. Depo. Trans. at 18:21–19:8, 35:10–22, 37:1–3 (explaining the basis for her opinion as being what she perceives to be a "gap" in the evidence).

The identification of factual failures in connection with the plaintiff's burden to establish standing—which is the only activity Judge Lewis engages in—is the sort of analysis that should be found in a Court's ruling on a motion to dismiss; it is not—by any means—the type of testimony that a witness, especially one bearing the impressive title of "expert," should provide to the factfinder at trial. *See Morris v. Acer Am. Corp.* No. 2:08-CV-127, 2009 U.S. Dist. LEXIS 30944, at *13–14 (E.D. Tex. Mar. 10, 2009) ("When jurisdiction rests on a disputed factual issue . . . *the*

8

*court* reviews the parties' submitted evidentiary materials . . . .") (emphasis added); *Calderon v. Bank of America, N.A.*, 941 F. Supp. 2d 753, 759–60 (W.D. Tex. 2013) (noting that the law is not a proper subject of expert opinion testimony). This would be a clear and impermissible usurpation of the Court's exclusive function to decide the legal issues of this case. *See Feld Moto Sports*, 2015 U.S. Dist. LEXIS 103515, at *8–9 ("The Fifth Circuit has held that while experts may give their opinions on ultimate issues, our legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.").

Judge Lewis' opinions are not an example of an expert opining upon an ultimate issue, such as infringement or invalidity. Indeed, she is not even opining as to how the fact issues embedded within the question of standing should be decided. Judge Lewis makes this point explicitly: "I do not opine as to the status of the assignment as legally binding contracts under Texas." Exh. A, Lewis Expert Report at *Disclosure*; *see also See* Exh. B, Lewis R. Depo. Trans. at 18:21–19:8, 35:10–22, 37:1–3. She, instead, only attempts to apply her understanding of the law to certain facts (or, more accurately, certain disputed factual issues) for the purpose of rendering an (incorrect) legal conclusion: "Plaintiff has failed to meet its burden of proof that it has standing to bring this action . . . ." Exh. A, Lewis Expert Report at *Conclusion*. Her opinions are, therefore, entirely in the form of inadmissible legal conclusions and MEC respectfully asks that they be excluded by the Court. *See Lassberg v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, No. 4:13-cv-00577, 2014 U.S. Dist. LEXIS 200485, at *9 (E.D. Tex. Sept. 18, 2014) ("Esquivel is applying the law to the facts in this case, which not only is outside the scope of his expertise, but in violation of Federal Rule of Evidence 704)*; Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 811 (N.D. Tex. 2013) ("Both [expert] opinions attribute legal significance to certain facts, which is not helpful to the trier of fact and must be excluded under Rule 702.").

### C. Judge Lewis' Testimony Is Not Reliable

Judge Lewis' methodology, upon which her conclusion is based, is not reliable. Any proper analysis concerning whether a plaintiff has standing to bring a patent enforcement action must, at the very least, identify the appropriate legal standard. If someone does not know what the law requires of the plaintiff to prove standing, then, logically, he or she is incapable of concluding whether the plaintiff has met that requirement. Judge Lewis's testimony shows that she was unaware (and, therefore, could not have applied) the proper legal requirements:

> Q. [W]hat is the burden the plaintiff has to carry to prove that it has standing in [a] patent infringement suit?
>
> A. I assume the burden is the same as any other suit . . . .
>
> Q. Do you know what quantum of proof a plaintiff needs to provide to carry its burden in proving its standing in [a] patent enforcement suit?
>
> A. Quantum[?] [N]o, sir . . . .
>
> . . .
>
> Q. Do any of your opinions relate to the statutory standing derived [under] 35 [U.S.C.] section 281?
>
> A. No, sir.
>
> Q. Did you[,] in forming your opinions[,] did you reference that statutory source?
>
> A. No, sir.
>
> . . .
>
> Q. Do you know which individual[s] under federal law[,] so that would be [the] Constitution and federal statutory law[,] have standing to bring a patent enforcement action?
>
> A. No, sir.

Exh. B, Lewis R. Depo. Trans. at 27:13–25, 28:12–17, 28:22–25; *see also id.* at 29:1–9, 31:12–18.

10

Given that Judge Lewis' analysis was conducted without integral and foundational knowledge of the applicable legal standards, it could only produce unreliable results. This is in addition to the fact that Judge Lewis testified she was without knowledge of what conveyances constitute an assignment of patent rights:

> Q. Do you know what particular rights to a patent an individual must be transferred in order to be considered an assignee [of] the patent?
>
> A. Specifically, no sir.

*Id*. at 29:15–18; *see also id*. at 29:10–14, 29:19–21, 30:6–31:11, 31:24–32:13.

She also broadly disclaimed knowledge of any type of patent rights conveyance, assignment or otherwise:

> Q. Do you know what constitute[s] a transfer[] of all substantial rights to a patent?
>
> A. Statutorily[,] no.
>
> . . .
>
> Q. [W]hat is a licensee to a patent?
>
> A. I have no idea.
>
> Q. Do you know if a licensee to a patent is different than [an] assignee of a patent?
>
> A. I really don't know.
>
> Q. Do you know what how course [sic, to] differentiate [an] exclusive license[e] from a bear [sic, bare] licensee [to a] patent?
>
> A. No, sir[.] I do not.

*Id*. at 29:19–21, 32:14–24 (objection omitted); *see also id*. at 45:23–46:1 ("Q. Do you know who must make an application for a patent? A. [W]ho must make an application[?] No.") (objection omitted).

11

Here, the factual issue material to the question of standing is whether effective assignments of the Asserted Patents were made to MEC. If an expert witness tries to decide this issue without knowledge of what is and is not an assignment, her method cannot be considered reliable and, by extension, her ultimate opinion cannot be considered admissible.

At the time of conducting her analysis, Judge Lewis was not only without knowledge of *how* patent rights may be transferred but held an incorrect understanding of *what* a patent right is:

> Q. [W]hat rights to the patents asserted in this case do you believe Mobile Equity Corp[.] has to have in order to have standing to bring this suit?
>
> A. Mobile Equity Corp[.] would have to have a justiciable [sic] and the right to direct the use of the patent.
>
> Q. So [a] plaintiff does not have standing to bring a patent enforcement action unless it has the right to direct use of the patent it's asserting; is that correct?
>
> A. That's my understanding . . . .

*Id*. at 31:24–32:13; *see also* 30:6–15 ("A. In my opinion[,] I would believe there has to be right to exercise the patent in order to be an effective assignment . . . ."), 31:1–5.

The affirmative right to "direct use" is different from the right that is actually granted by a patent: "[A patent] grants only the right to exclude others." *Atlas Powder Co. v. E.I. du Pont De Nemours & Co.*, 750 F.2d 1559, 1580 (Fed. Cir. 1984). It is improper enough to have an expert witness take the stand to instruct the jury on the applicable law. But Walmart has taken the additional step of having its witness provide instructions in contradiction with those that this Court will presumably give the jury. *See Solas Oled Ltd v. Samsung Display Co.*, No. 2:19-cv-152-JRG Preliminary Jury Instructions, Dkt. No. 344, Tr. at 154:1–7 (E.D. Tex. March 1, 2021) ("A valid United States patent gives the holder of the patent the right . . . *to prevent* others from making, using, or offering to sell or selling the patented invention . . . .") (emphasis added). Judge Lewis' opinions are, also, simply incorrect under Federal Circuit precedent on the issue of standing:

"[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an *exclusionary right* in a patent that, if violated by another, would cause the party holding the *exclusionary right* to suffer legal injury." *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264–65 (Fed. Cir. 2010) (emphasis added).

An accurate understanding of federal patent law is necessary for any analysis concerned with deciding whether the plaintiff has standing to assert patents in an infringement suit. But Walmart may try to ignore this fact and claim Judge Lewis' opinions grounded in Texas law are, nonetheless, sound. But even in this area of law Judge Lewis faulters. For instance, § 3.104 of the Texas Family Code provides that "[d]uring marriage, property is presumed to be subject to the sole management, control, and disposition of a spouse if it is held in that spouse's name . . . or if it is in that spouse's possession and is not subject to such evidence of ownership." TEX. FAM. CODE ANN.§ 3.104(a) (Vernon 1998). Application of this provision would create a presumption that the Asserted Patents were Mr. Afana's sole-management community property. *See Jean v. Tyson-Jean*, 118 S.W.3d 1, 5 (Tex. App.– Houston [14th Dist.] 2003, pet. denied) ("[W]here community property is held in one spouse's name only, there is a presumption that the property is *sole-management* community property."). But Judge Lewis failed to take this provision into account; it is absent from her expert report and her deposition testimony further confirms the fact that it played no role in her analysis:

> Q. Did you provide any analysis as to the application [of] section 3.104 to the facts of this case?
>
> A. Any analysis[?] I don't think I did[.] No, sir.

Exh. B, Lewis R. Depo. Trans. at 77:15–17; *see also* 49:8–50:6, 57:24–58:23.

The lack of this section within Judge Lewis' analysis is significant for another reason. This section also provides that "[a] third person dealing with a spouse is entitled to rely, as against the

13

other spouse or anyone claiming from that spouse, on that spouse's authority to deal with the property" if certain facts are shown. TEX. FAM. CODE ANN.§ 3.104(b) (Vernon 1998). Application of this subsection could negate the entirety of Judge Lewis opinions, but, as indicated by her testimony above, she did not even consider it. *See* Exh. B, Lewis R. Depo. Trans. at 77:15–17; *see also* 49:8–50:6, 57:24–58:23. It is a fundamental omission.

For at least these reasons, MEC respectfully asks the Court to strike Judge Lewis' testimony under Rule 702 for the reason that it is based upon an unreliable methodology.

### D. Judge Lewis Is Not Qualified

Judge Lewis has no expertise in the area of patent law. Judge Lewis admitted this fact, and did so without any prompting:

> A. I will represent to you that I am not a patent attorney . . . so my knowledge of patent law would not be an area of expertise for which I would be opining.

*Id*. at 13:14–17.

A review of Judge Lewis' professional background leads to the same conclusion. Her legal experience is solely within Texas state law, predominantly within the area of family law. *See id*. at 21:25–26:12 (recounting professional background); Exh. A, Lewis Expert Report at *Disclosure*. The deposition testimony excerpts cited in the previous section above also demonstrate the lack of requisite qualification. *See, e.g.*, Exh. B, Lewis R. Depo. Trans at 27:13–25, 28:12–17, 28:22–25, 29:19–21, 31:1–5, 31:24–32:13, 32:14–24, 45:23–46:1.

Judge Lewis' ultimate opinion concerns standing in a patent enforcement action; to render such an opinion necessarily entails application of patent law principles. Judge Lewis' experience in the area of state and family law is no substitute for this critical missing piece. Her testimony should, accordingly, be struck as she is not qualified to give it. *See Sivertson v. Citibank, N.A.*, No. 4:18-CV-00169-ALM-CAN, 2019 U.S. Dist. LEXIS 104504, at *7 (E.D. Tex. Apr. 18, 2019)

("A court should not permit a witness to testify as an expert if he is not qualified to testify in a particular field or on a given subject."); *Marimuthu v. Signal Int'l, L.L.C.*, No. 1:13-CV-499, 2015 U.S. Dist. LEXIS 195157, at *38 (E.D. Tex. June 26, 2015) ("Dr. Shelley is not qualified to offer an opinion on the applicability of OSHA; therefore, this opinion is struck.").

## V.   CONCLUSION

For the foregoing reasons, MEC respectfully asks that the Court strikes the testimony of Judge Lewis.

Dated: March 1, 2022

/s/ William E. Davis, III

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for Plaintiff Mobile Equity Corp.***

15

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this March 1, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ William E. Davis, III
William E. Davis, III

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) and (i) and that discussion between Plaintiff Mobile Equity Corp. and Defendant Walmart, Inc. have reached an impasse and that this motion is opposed.

/s/ William E. Davis, III
William E. Davis, III

16