# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Mobile Equity Corp., *Plaintiff*, v. Walmart Inc., *Defendant*. | Civil Action No.: 2:21-CV-00126-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**MOBILE EQUITY CORP.'S
RESPONSE TO WALMART'S MOTION FOR SUMMARY JUDGMENT OF NON-
INFRINGEMENT FOR ALL ASSERTED CLAIMS**

## I. INTRODUCTION

The Court should deny this Motion. This Motion is predicated on Walmart's *Daubert* Motion. For the reasons in MEC's response, Walmart's *Daubert* Motion should be denied. This Motion thus "falls" with Walmart's *Daubert* Motion, which Walmart does not dispute.

But this Motion does not "rise" with Walmart's *Daubert* Motion. Should the Court decline to outright deny Walmart's *Daubert* Motion, that outcome does not require granting this Motion. Walmart's *Daubert* Motion rests on new claim-construction arguments that Walmart did not raise at the *Markman* stage of this case (and thus waived). Any potential relief on Walmart's *Daubert* Motion would result in additional claim construction. Basic due process requires providing MEC the opportunity to present its case—including supplementing Dr. Jakobsson's expert report—to address a new claim construction. The remedy is not entry of judgment on the merits.

That is especially the case because Walmart does not contend that it would be undisputed that Walmart does not infringe under a new construction. Indeed, the evidence shows that a reasonable jury could find infringement. But instead of addressing that evidence, Walmart basis its Motion on an alleged no-evidence "gotcha"—striking Dr. Jakobsson's expert report on new claim-construction theories that Walmart declined raise during the *Markman* process. For these reasons and those below, MEC respectfully requests that the Court deny Walmart's Motion.

## II. RESPONSE TO THE STATEMENT OF ISSUES

1. Has Walmart shown there is no genuine issue of material fact on infringement on the "in response to" limitations?

2. Has Walmart shown there is no genuine issue of material fact on the "payment processing server" limitations?

3. Should the Court grant any relief in Walmart's *Daubert* Motion, should MEC be provided the opportunity serve a supplemental expert report addressing infringement under a new construction rather than entry of summary judgment?

1

### III.   RESPONSE TO THE STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Admitted that "MEC has asserted claims 1, 2, 3, 4, 5, 10, 11, 12, and 14 from the '236 patent, and claims 1, 3, 6, 8, 13, and 14 from the '058 patent[.]." The remainder of the paragraph are legal conclusions, not factual statements to which a response is required.

2. Admitted that claim 1 of the '236 Patent includes the language "receiving transaction information from the merchant terminal in response to the transaction information request, the transaction information including the transaction amount for the transaction." The remainder of the paragraph are legal conclusions and emphasis, not factual statements to which a response is required.

3. Admitted that claim 1 of the '058 Patent includes the language "receiving, at the payment processing server, transaction information from the terminal in response to the transaction information request, the transaction information including the transaction amount for the transaction." The remainder of the paragraph are legal conclusions and emphasis, not factual statements to which a response is required.

4. Admitted that claim 11 of the '236 Patent includes the language "wherein a mobile enablement center is used to identify an appropriate payment processing server associated with a financial institution." The remainder of the paragraph are legal conclusions, not factual statements to which a response is required.

### IV.   APPLICALBE LAW

Rule 56(a) allows a Court to enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### V.   ARGUMENT

#### A.   This Motion "Falls" With Walmart's *Daubert* Motion

Walmart concedes that there is at least a genuine issue of material fact if Dr. Jakobsson is able to testify before the jury on his "in response to" and "payment processing server" opinions. Because Walmart's *Daubert* Motion should be denied, this Motion should as well.

#### B.   This Motion Does Not "Rise" With Walmart's *Daubert* Motion

##### 1.   Walmart Does Not Claim There Would Be No Genuine Issue of Material Fact Under Its Proposed Constructions

Walmart has not met its initial summary judgment burden to "provid[e] evidence that

2

would preclude a finding of infringement" or "show[] that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-cv-00023-RWS-RSP, 2020 U.S. Dist. LEXIS 35504, at *6 (E.D. Tex. Jan. 20, 2020) (quoting *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001)). While Walmart claims that Dr. Jakobsson "applied a legally inappropriate understanding" of the "in response to" and "payment processing server terms," Mot. at 2, Walmart does not claim in its summary judgment motion—let alone show—how the evidence of record fails to establish infringement. It instead pops up with new claim-construction theories, seeks to strike MEC's expert based on these new theories, and then seeks judgment on the merits based on a lack of evidence. But, as detailed below, triable issues would still remain under a new construction, a fact that Walmart failed to address in its Motion. Because Walmart has not met its initial summary-judgment burden, the Court can deny Walmart's Motion on that basis.

### 2. Triable Issues Remain Under a New Claim Construction

Walmart's motion for summary judgment does not address how the infringement landscape would change under Walmart's constructions (which it does not expressly propose). But, as described below (and in more detail in the Response to Walmart's *Daubert* Motion), a reasonable jury could still find infringement.

Walmart does not propose a specific definition of "in response to," but appears to claim that it requires some type of "<u>direct</u> causality." Dkt. 207 at 10 (emphasis added). As MEC explained, that argument is waived and conflicts with the intrinsic record. *Daubert* Resp. at 2–3.

But even under Walmart's construction, however, there would still be a genuine issue of material fact. As detailed in MEC's Response to Walmart's *Daubert* Motion, Walmart's internal documents show that there is direct causality between the ▮▮▮▮▮ and the ▮▮▮▮▮ from the perspective of the server components (shown below

3

as ▮▮▮▮) (*Daubert* Resp., at 7) (citing Exhibits 4–9 and Jakobsson Report).



Indeed, the internal name for the main server component in Walmart Pay reflects ▮▮▮▮ ▮▮▮▮. The component, named "▮▮▮," stands for "▮▮▮▮." The "▮▮▮" process is reflected in the ▮▮▮▮ and the "▮▮▮" process begins with the ▮▮▮▮. *See, e.g.*, Exh. 1 (Jan. 12, 2022 Eckert Depo.), at 81:18–83:14 (describing ▮▮▮▮ ▮▮▮▮). These diagrams (and Walmart's name for the project) do not place any intervening events between ▮▮▮▮. Indeed, Walmart's source code expert confirmed that the ▮▮▮ component is not even aware of what "trigger" events might occur at the terminal. *Daubert* Resp., Exh. 10 (Krein Depo.), at 85:8–86:11. Moreover, the message structures and source code, as detailed in MEC's *Daubert* Response provide additional evidence of ▮▮▮ ▮▮▮▮. *See Daubert* Response, at 8–9; Jakobsson Report, at ¶¶ 322, 342, 419–423. A reasonable jury could review this evidence and find direct casualty.

Walmart focuses on an alleged "trigger" at the terminal that causes the terminal to send the

4

authorization message as allegedly breaking the causal chain. But a jury would be free to decline to credit this evidence and still find for MEC.

First, that evidence does not bear on the claim language. The claims look to whether the authorization message is *received* by the *server* in response to the notify pairing message—not actions that may occur at the terminal. Indeed, the MEC Patents disclose the same type of "trigger" at the terminal—a merchant entering the amount of the transaction—in the embodiments, reinforcing that the focus is on perspective of the server receiving the message. *See* '236 Patent, at Fig. 2, Fig. 5, 7:64–8:31, 14:1–16. Walmart's internal documents (including the example diagrams above) shows ██████████████████████████ ████████████████████ ██████████████. And it is undisputed that Walmart's server has no awareness of the alleged "trigger" that Walmart claims breaks the causal chain.

Second, the jury still may decline to credit's Walmart's "trigger" evidence. The majority of Walmart's evidence is interested-witness say-so. As detailed above, Walmart's internal diagrams do not show the alleged "trigger" that Walmart points to. The only technical evidence Walmart uses to support its alleged "trigger" theory is a source code analysis performed by Dr. Krein. But Walmart refuses, despite repeated requests, to provide MEC with access to the underlying source code that Dr. Krein reviewed to arrive at his opinions—including each of the full source code files relating alleged "triggering" source code.[1] Thus, to the extent the "triggering" source-code evidence is admitted in evidence at all, *see* Fed. R. Civ. 37, the jury will

---

[1] Instead of following the strict source-code review Protective Order requirements that Walmart imposed on MEC and its experts, Walmart shipped Dr. Krein two laptops containing the native source code. Exh. 2 (Krein Depo.), at 29:4–36:24, 50:23–51:22. Dr. Krein then cited the source code by filename, relying on source code files that MEC does not have access to. When MEC requested production of the cited code, Walmart only provided selected hard-copy *excerpts* of that code, refused to provide the native code to MEC's experts (including via a secure laptop), and refused produce the code for inspection at Walmart's counsel's offices.

5

be free to disregard Walmart's incomplete picture of the evidence.

Finally, as to the "payment processing server" term, Walmart appears to argue that the server must include a computer operated by American Express, Visa, or MasterCard and cannot be more than a single piece of hardware or software. The intrinsic record does not support this new (and waived) construction. Nor does the Court's construction. Under a plain reading of the Court's construction—"a *platform* that can execute a transaction between a customer, a financial institution associated with the customer, and a merchant"—there is at least an issue for trial on whether Walmart's system meets that construction.

### 3. Due Process Requires Providing MEC With the Opportunity to Supplement Dr. Jakobsson's Expert Report to Address a New Claim Construction

Should the Court engage in additional claim construction, MEC requests that the Court provide MEC with the opportunity to address infringement—including leave to submit a supplemental expert report—under the new construction. Typically, a change in construction usually requires additional proceedings to address the factual issues raised by the new construction. *See, e.g.*, *3M Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1370 (Fed. Cir. 2003) (explaining that when a new construction is entered on appeal, the typical course is to allow for the district court to reconsider "whether a genuine issue of material fact exists and whether either party is entitled to summary judgment" under "the new claim construction"); *Beckson Marine v. Nfm, Inc.*, 292 F.3d 718, 724 (Fed. Cir. 2002) (explaining that a change of construction on appeal generally necessitates further proceedings to "resolve the new factual issues raised by the new claim construction"). That approach is especially appropriate here because Walmart's Motion rests on claim-construction arguments it did not raise earlier in the case. And, even under Walmart's proposed constructions, the evidence reveals a triable issue on infringement.

6

## VI. CONCLUSION

For the foregoing reasons, MEC requests that the Court deny Defendant's Motion.

Dated: March 14, 2022

/s/ Christian J. Hurt

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for Plaintiff Mobile Equity Corp.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this March 14, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Christian Hurt
Christian Hurt

