# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOBILE EQUITY CORP., <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC. <br><br> Defendant. | Civil Action No. 2:21-cv-00126-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT WALMART INC.'S MOTION FOR SUMMARY JUDGMENT THAT CERTAIN REFERENCES QUALIFY AS STATUTORY PRIOR ART**

## I. Introduction

Mobile Equity Corp. ("MEC") alleges Walmart infringes two patents: U.S. Patent Nos. 8,589,236 (the "'236 Patent") and 10,535,058 (the "'058 Patent" and collectively "Asserted Patents"). Walmart served its expert report on invalidity, which relied on nine references, each of which is unquestionably prior art to the Asserted Patents. Despite a request from Walmart, MEC refused to stipulate that the prior art references are in fact prior art—printed publications or patents, as those terms are used by 35 U.S.C. § 102, published prior to the priority date for the Asserted Patents. Walmart respectfully requests that the Court grant Walmart's Motion that these references are statutory prior art (<u>not</u> whether they are invalidating).

## II. Statement of Issues to be Decided by the Court

Whether the following references are statutory prior art—i.e., printed publications and patents published prior to the priority date of the Asserted Patents: (█████████████) (Ex. 1); (2) █████████████████████████ (Ex. 2); (3) █████████ █████ (Ex. 3); (4) █████████████████████ (Ex. 4); (5) ████████ █████████████████ (Ex. 5); (6) ████████████ (Ex. 6); (7) █████ ████████████████████████████████████████████████ ████████████████████████████████████████ (Ex. 7); (8) ████████ ████████████████████████████████████████████████ ████████████ (Ex. 8); and (9) ████████████████████████████ █████████████████████████████████ Ex. 9).

## III. Statement of Undisputed Material Facts

1. The '236 Patent and the '058 Patent claim priority to non-provisional application no. 12/906,989 (the "'989 Application") filed on October 18, 2010. The '989 Application claims priority to provisional application 61/279,322 filed on October 19, 2009.

2. Walmart's Interrogatory No. 10 requested that MEC "identify the earlier Priority Date to which MEC contends the [Asserted Claims are] entitled." Ex. 10. MEC responded that the Asserted Patents are "entitled to a priority date of October 19, 2009, which is the date its provisional application was filed, and should any claim be found to be not entitled to that date, to a priority date of October 18, 2010." *Id.*

3. Walmart served the expert report of Dr. Rhyne on invalidity, which relied on nine prior art references. MEC served the expert rebuttal report of Dr. Jakobsson on invalidity. Dr. Jakobsson's report did not opine on whether the nine references are prior art, stating only that ███████████████████████████████████████████████ *See* Ex. 11, Jakobsson Report ¶¶ 122, 197, 266.

4. In response to an RFA which provided "Admit that the copies of the prior art produced by Walmart accompanying its invalidity and ineligibility contentions are authentic copies of the prior art references disclosed in Walmart's invalidity and ineligibility contentions," MEC did not include a denial and expressly admitted that certain prior art references are authentic. Ex. 12.

## IV. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56; *Celotex v. Catrett*, 477 U.S. 317 (1986). U.S. patents whose priority dates are before March 16, 2013 are governed by "pre-AIA" 35 U.S.C. § 102. A U.S. or foreign patent qualifies as prior art to an asserted patent if the date of issuance of the former patent is prior to the date of invention of the asserted patent. 35 U.S.C. § 102(a) (pre-AIA). A printed publication, such as an article published in a magazine or trade publication, qualifies as prior art to an asserted patent if its date of publication is prior to the date of invention of the asserted patent. *Id.*

A U.S. or foreign patent qualifies as prior art to an asserted patent if the date of issuance of the patent is more than one year before the application date of the asserted patent. 35 U.S.C. § 102(b) (pre-AIA). A printed publication, such as an article published in a magazine or trade publication, constitutes prior art to an asserted patent if its publication date occurs more than one year before the application date of the asserted patent. *Id.* A U.S. patent or published patent

2

application qualifies as prior art to an asserted patent if the application for that patent was filed in the United States before the invention of the asserted patent. 35 U.S.C. § 102(e) (pre-AIA).

V.  **Argument**

  A.  **Priority Date of the Patents-in-Suit**

The Asserted Patents claim priority to non-provisional application no. 12/906,989 (the "'989 Application") filed on October 18, 2010. The '989 Application claims priority to provisional application 61/279,322 filed on October 19, 2009. MEC has not claimed a priority date before October 19, 2009. Ex. 10.

  B.  **Priority Dates of References**

    i.  ███████████████████████

This patent claims priority to ████████████████████████████████████████████████████████████████████████████████████. This patent is prior art under 35 U.S.C. § 102(e).

    ii. ████████████████████████████████████

This patent application publication is a ████████████████████████ ████████████████████████ and is prior art under 35 U.S.C. § 102(b).

    iii. ███████████████████████

This patent claims priority to ████████████████████████ ████████████. This patent is prior art under 35 U.S.C. § 102(b).

    iv. ████████████████████████████████████

████████ is a publication of ████████████████████████ ████████████ and is therefore prior art under 35 U.S.C. § 102(b).

    v.  ████████████████████████████████████

3

███ and is therefore prior art under 35 U.S.C. § 102(b).

  vi. █████████████

█ claims priority to █████████████

████████████████████████

█ This patent is prior art under 35 U.S.C. § 102(b).

  vii. █████████████

█████████████ It is prior art under 35 U.S.C. § 102(b).

  viii. █████████████

█████████████, and is prior art under 35 U.S.C. § 102(a).

  ix. █████████████

█████████████ the U.S., and is prior art under 35 U.S.C. § 102(b).

## VI. Conclusion

There is no genuine issue of material fact and Walmart is entitled to summary judgement that the above references are meet the statutory criteria to be prior art to the Asserted Patents. *See Celotex*, 477 U.S. at 322; *Ragas*, 136 F.3d at 458. Walmart does seek summary judgment that the references cited herein are *invalidating* prior art—only that they qualify as statutory prior art under 35 U.S.C. § 102. In light of the face of the documents, MEC's authentication RFA response, and Dr. Jakobsson's failure to opine that these references are <u>not</u> prior art, there is no genuine dispute of material fact on this issue. The Court should grant the Motion.

4

Dated: March 1, 2022

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Debby Gunter
State Bar No. 24012752
FINDLAY CRAFT, P.C.
102 N. College Ave. Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: dgunter@findlaycraft.com

Kathryn Riley Grasso
Damon Marcus Lewis
Christian Chessman
Henry R. Fildes
DLA Piper LLP (US)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
Email: Kathryn.Riley@us.dlapiper.com
Email: Damon.Lewis@us.dlapiper.com
Email: Henry.Fildes@us.dlapiper.com
Email: Christian.Chessman@us.dlapiper.com

Joel Chao-Iee Lin
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York
10020-1104
Tel: (212) 335-4558
Fax: (212) 884-8557
Email: joel.lin@dlapiper.com

Jackob Ben-Ezra
DLA Piper LLP (US)
1000 Louisiana Street
Suite 2800
Houston, Texas 77002-5005
Tel: (713) 425-8431
Fax: (713) 300-6031
Email: jackob.ben-ezra@dlapiper.com

Benjamin Yaghoubian
DLA PIPER LLP (US)
2000 Avenue of the Stars, Ste 400, N. Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3000
Email: benjamin.yaghoubian@us.dlapiper.com

***COUNSEL FOR DEFENDANT
WALMART INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2022, a true and correct copy of the foregoing document was electronically filed in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay

