**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Mobile Equity Corp., | |
| *Plaintiff*, | Civil Action No.: 2:21-CV-00126-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| Walmart Inc., | ▇▇▇▇▇▇▇▇▇▇▇▇ |
| *Defendant*. | |

**MOBILE EQUITY CORP.'S REPLY**
**TO DEFENDANT WALMART INC.'S RESPONSE TO PLAINIFF'S**
**MOTION FOR SUMMARY JUDGMENT REGARDING 35 U.S.C. § 287(a)**

## I.    Introduction

Walmart does not admit a straightforward issue it never challenged in the case.  The facts are simple: 1) Walmart has had MEC's source code, countless depositions, and extensive MEC document production, but Walmart never issued the required initial *Arctic Cat* notice to contest that MEC should have marked a product; and 2) MEC has only ever asserted method claims in this case, which, by Fed. Cir. law, do not trigger a duty to mark under § 287(a).  In other words, Walmart never gave the required initial notice to put marking at issue in the case, and, even if it had, the law is clear that method claims do not trigger the marking statute.  Respectfully, either of these points is dispositive, and Walmart does not contest that this would simplify the case for the jury.  Instead of addressing the facts and law, Walmart argues a reality it invents.

## II.    MEC Complied With CV-7(a)(2) for Non-Dispositive Partial MSJs

MEC filed a concise 3.5-page motion for partial summary judgment on a single non-dispositive issue: "that [MEC] is not barred from recovering pre-suit damages for its asserted claims (as listed above) under 28 U.S.C. § 287(a)."  (Mot., p. 4).  MEC understood that non-dispositive motions do not require issue statements.  *Compare* L.R. CV-7(a)(1) ("Case Dispositive Motions," listing issue requirement) *to* L.R. CV-7(a)(2) ("Non-dispositive Motions," omitting issue requirement).  Regardless, there is no prejudice given MEC's statement of facts and the narrow issue.  Walmart's *Ocwen* case only addresses L.R. CV-7, which MEC has complied with.

## III.    Walmart Never Provided an *Arctic Cat* Notice to Put Marking at Issue

As stated in MEC's Motion, "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287."  *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1369 (Fed. Cir. 2017); (Mot., p. 2).  Walmart has never provided this notice, leaving the issue uncontested, and its Response address neither its initial burden or its

failure to carry it and give MEC timely notice. This should be dispositive. MEC relied on Walmart's decision not to provide *Arctic Cat* notice in its case, including in its expert reports.

## IV. Walmart Ignores Controlling Federal Circuit Law

Walmart response ignores the Federal Circuit's 2009 *Crown Packaging* case, which affirmed a summary judgment that there was no need to mark a physical machine for creating cans when only method claims were asserted. 559 F.3d 1308 at 1316-17. Walmart also ignores the CAFC's *Hanson* case that concerned physical snow-making equipment where only method claims were asserted. 718 F.2d at 1082-83. These two cases are dispositive. Walmart only addresses one Federal Circuit case—*Am. Med Sys* (1993)*.* But that case is clear that "the notice provisions of section 287 do not apply where the patent is directed to a process or method." *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). "In th[at] case, both apparatus and method claims of the … patent were asserted and there was a physical device produced by the claimed method that was capable of being marked." *Id.* at 1539. That is not the case here: only method claims are asserted, there has never been a physical product, there were no licensees or products sold, and there is no contention in this case that MEC had a product that practiced or embodied the claims. (*See* Dkt No. 226-3). For example, MEC clearly responded to a marking RFA: "DENIED, to the extent MEC is unaware of having a product that required marking." (Dkt. No. 226-2, p. 18).

## V. Walmart Does Not Faithfully Represent the Facts

### A. MEC Has Only Ever Asserted Method Claims

Walmart falsely tells the Court "MEC has asserted Walmart infringes apparatus claims." (Resp., pp. 1). MEC's Motion shows that MEC never has. (Mot., pp. 1-2). Walmart does not even address this fact. Instead, Walmart argues that Walmart's own counterclaims, which only Walmart controls, somehow are claims MEC asserted. But the counterclaims are Walmart's <u>not</u> MEC's; they are claims "<u>the pleader has</u> against an opposing party." FED. R. CIV. P. ("Rule")

13(a) (emphasis added).  Declaratory judgment ("DJ") counterclaims are separate and independent from the opposing party's claim; that is their essential purpose.  For example, "[a] party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 96 (1993). Walmart cites no law supporting its sweeping assertion that counterclaims are the claims of the opposing party.

Walmart hand waves at denials, but a denial may be for various factual or legal reasons. Denying Walmart's DJ was appropriate given the lack of jurisdiction over the non-asserted claims. (*See* Dkt. No. 222).  It is hornbook law that Rule 8(b), governing responses, only provides notice of a dispute not its details: "a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1261 (3d ed. 2018). "[T]he parties are provided with adequate discovery and pretrial procedures to develop in detail the [issues] the pleadings are not intended to carry that burden." *Id.*

Walmart's *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC* case only holds that the burden of persuasion at trial, in a true declaratory judgment action (i.e., not a counterclaim in an existing suit) brought by a licensee, stays with the patentee: "We hold that when a licensee seeks a declaratory judgment against a patentee to establish that there is no infringement, the burden of proving infringement remains with the patentee."  571 U.S. 191, 194 (2014).  Notably, *Medtronic* involved a contract permitting either payment royalties for a claim of infringement or challenge by DJ, and the opinion narrowly addresses this circumstance.  *See id.* at 194-95.

*Medtronic*'s narrow holding does not create the substantial sequence of legal holdings Walmart invents, i.e., a defendant's counterclaim of non-infringement (or the denial of such a

claim) is transmogrified into the plaintiff's assertion of the claim(s).[1]  Contrary to Walmart's

assertions, _Medtronic does not even discuss the parties' complaints or answers_, much less hold

that Rule 8 is changed in the sweeping way Walmart argues.  It just addresses trial burden.

Walmart does not accurately discuss the decision.  For example, Walmart claims, "the Supreme

Court in _Medtronic_ explicitly treated a patentee's answer denying a DJ of non-infringement as the

equivalent of a complaint asserting infringement."  (_Id._ at 5).  But the cited portion (p. 196) does

not support this assertion, and the opinion does not discuss the "patentee's answer" or the

complaints, much less base its decision on the "den[ial] of a DJ."  The cited portion (p. 196) only

discusses the Federal Circuit's reversed opinion and part of a jurisdictional question, but Walmart

repeatedly cites this same page 196 of _Medtronic_ for its extreme claims.  (_See_ Resp., p. 6).

### B.    Walmart Misrepresents MEC's Marking Statements

Walmart claims "MEC has repeatedly and affirmatively asserted that it had a product to

mark." (Resp., p. 7).  But Walmart cites to no response, answer, or admission of MEC where MEC

ever "affirmatively asserted" that in this case.  Walmart just generally cites MEC's interrogatory

responses.  Walmart's only discovery on marking was two RFAs, and MEC's response directly

contradicts Walmart's claim, explaining "MEC is unaware of having a product that required

marking."  Similarly, Walmart asserts that MEC "relies on the existence of a patent-practicing

product to prove its claims."  (Resp., pp. 9, 10).  This statement is not based in reality or a legal

doctrine, and it is flatly contradicted by MEC's responses in this case.  MEC has repeatedly stated

(in P.R. 3-1 disclosures, rogs., and RFAs) it is not contending it has a product that practices, and

MEC is, in no way, using a practicing product to prove a claim against Walmart (it cannot by rule).

---

[1] Walmart's suggestion that MEC's answers indicate anything meaningful for unasserted claims does not stand up to basic scrutiny.  MEC denied that Walmart did not infringe "any claim" of the asserted patents—MEC pled Walmart infringed claim 1 of each patent (a method claim).  MEC also denied Walmart was entitled to a declaratory judgment request from the Court.  That is it.

Walmart attempts to conflate the law on willfulness with marking, but they are legally distinct questions: while "willfulness turns on the knowledge of an infringer, § 287 is directed to the conduct of the patentee." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 866 (Fed. Cir. 2020) ("*Arctic Cat II*"). For example, the interrogatory Walmart references only asserts Walmart received marketing materials (or heard about a presentation) that effectively gave notice of MEC's patents, not that Walmart received or saw a patent-practicing system. Tellingly, for the demo Walmart discusses, Walmart cites to a non-technical witness who explains he was not fully involved "in the technical," rather than MEC's technical staff. Even that witness knew MEC had a "demo to be used for presentation purposes," "not a complete product." Walmart ignores the record (echoed by other MEC witnesses) that MEC's demos were not functioning products.

As final example, Walmart misrepresents MEC's RFA answers. Walmart does not tell the Court that MEC only asserted its marketing documents described products that, if built, might have infringed, but MEC was clear there was no contention any product ever practiced under any name. Walmart did not show the Court the portions of MEC's RFA answers explaining how MEC's marketing material discussed "solutions MEC hoped to build for customers using its technology … that could, if built to a particular customer's needs and integrated into that customer's systems … have practiced at least one method claim … (depending on the client's specific system)." (Dkt. No. 226-2, pp. 9-10). This is clearly not saying such systems were built, which MEC's response also explains, but Walmart chooses to misrepresent MEC's answer.

## VI. CONCLUSION

Instead of addressing the facts and law, Walmart argues an alternate imagined reality. In this case, Walmart never made an *Artic Cat* disclosure to place any product at issue for marking. Even if Walmart had, the CAFC's cases, including *Crown Packaging*, hold that, where only method claims are asserted (even if there is a physical product), the marking statute does not apply.

Dated: March 21, 2022

/s/ Rudolph Fink IV

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@davisfirm.com
Rudolph "Rudy" Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**THE DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for Mobile Equity Corp.***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served this March 21, 2022 on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Rudolph Fink IV
Rudolph Fink IV