# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOBILE EQUITY CORP.,<br><br>        Plaintiff,<br><br>  v.<br><br>WALMART INC.<br><br>        Defendant. | Civil Action No. 2:21-cv-00126-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT WALMART INC.'S SURREPLY IN OPPOSITION TO
PLAINIFF'S MOTION FOR SUMMARY JUDGMENT
REGARDING 35 U.S.C. § 287(a)**

Walmart respectfully submits this Surreply in Opposition to Plaintiff's Motion for Summary Judgment Regarding 35 U.S.C. § 287(a).

## I. MEC'S MOTION REMAINS PROCEDURALLY DEFICIENT

MEC's Motion (Dkt. No. 200) contains procedural deficiencies that warrant denial. On Reply, MEC claims that its "Motion for Summary Judgment" is actually a "Non-dispositive motion" and only seeks "partial summary judgment." Reply at 1. Local Rule CV-56 applies to "[a]ny motion for summary judgment," whether the motion only seeks partial summary judgment or disposition of the entire case. MEC was required to comply with Local Rule CV-56 but failed to do so. *See* Dkt. No. 226 at 2-3. This alone is a sufficient basis to deny MEC's Motion.

## II. WALMART NOTIFIED MEC OF ITS FAILURE TO MARK

On Reply, MEC appears to argue that it lacked proper notice of the MEC products that are unmarked. Reply at 1-2. Any such notion strains credulity. The case law MEC cites confirms that notice "is a low bar." *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). *Arctic Cat*, the Federal Rules of Civil Procedure, and this Court's local rules do not require a particular format for identifying MEC's patent-practicing products. Under *Arctic Cat*, Walmart only had to put MEC on notice of the products at issue and Walmart did just that.

MEC glosses over the indisputable evidence that it has long known that its unmarked products are at issue. *See* Dkt. No. 226 at 7-9, 12. Walmart identified specific MEC products under the names "QRUZ" and "mEquity" and asked MEC to admit it had not marked them with the patent numbers. Dkt. No. 226, Ex. A at RFAs 24-25. Walmart also propounded a Rule 30(b)(6) deposition topic on the "facts and circumstances relating to marking the Commercial Embodiments with the Asserted Patents." Ex. 1 (Walmart's Rule 30(b)(6) Notice) at 13 (Topic 39). As used in Topic 39, MEC's "'Commercial Embodiments' means any MEC product that allegedly practices at least one claim of any of the Patents-in-Suit," and are expressly defined to include "QRUZ Pay."

1

*Id.* at 7. MEC produced a witness to testify regarding the topic of marking. Ex. 2 (MEC's Resp. and Obj. to Walmart's Rule 30(b)(6) Notice) at 35-36 (Topic 39). MEC's witness confirmed that an MEC document containing the description "mEquity is a patented mobile payments technology" was "referring to at least the '236 patent." Ex. 3 (Faber Tr.) at 185:14-18; *see also id.* at 55:14-19. Despite this evidence, MEC claims that its failure to mark is an issue that was "uncontested". Reply at 1-2.

Even if MEC were not on notice, its argument still fails because Walmart's responsive summary judgment briefs, together with its Answer asserting a defense under § 287 (Dkt. No. 13 at 17), act as notice that Walmart contends MEC failed to mark its products offered under the names "QRUZ" and "mEquity." *See Ultravision Technologies, LLC v. GoVision LLC*, 2021 WL 2213956, at *3 (E.D. Tex. May 24, 2021) (Payne, J.) (Report and Recommendation adopted, 18-cv-00100 at Dkt. No. 669). In *Ultravision*, plaintiff argued that defendant "should be precluded from raising a marking defense at trial" because defendant had not identified specific products before summary judgment. *Id.* The Court rejected plaintiff's argument because defendant's summary judgment briefing provided notice and, like here, "all information about the identified products is already in Plaintiff's possession." *Id.* MEC's Motion should be denied.

### III. MEC'S DENIAL OF WALMART'S NON-INFRINGEMENT COUNTERCLAIMS IS AN ASSERTION OF INFRINGEMENT UNDER *MEDTRONIC*

In its Reply, MEC recycles inapplicable arguments that apply to cases where only method claims are at issue. But as explained in Walmart's Response and further below, MEC has asserted infringement of its apparatus claims at issue by denying Walmart's DJ counterclaims. Dkt. No. 226 at 3-6. Consequently, MEC's arguments based on *Crown Packaging*, *Hanson*, and any other case where only method claims were at issue are inapplicable. Reply at 2.

## IV. CONTRARY TO MEC'S ASSERTION, IT IS MEC WHO FAILS TO PROVIDE A COMPLETE FACTUAL PICTURE, NOT WALMART

### A. MEC Has Put Its Apparatus Claims at Issue in this Litigation

Despite Walmart's proof to the contrary (Dkt. No. 226 at 3-6), MEC's Reply repeats the incorrect statements that "MEC never has asserted Walmart infringes apparatus claims" and that "Walmart does not address this fact." Reply at 2. Nothing could be farther from the truth.

MEC's Answer to Walmart's counterclaims is an assertion by MEC, and in that Answer MEC repeatedly denied Walmart's assertion that the apparatus claims are not infringed. Dkt. No. 18, ¶¶ 160, 163, 166, 169. In denying Walmart's assertion that the apparatus claims are not infringed MEC asserted that those same apparatus claims are infringed. *See* Dkt. No. 226 at 3-6. MEC's reliance on *Cardinal Chem. Co. v. Morton Int'l* is misplaced because that case addressed whether the Federal Circuit could treat an appeal regarding patent validity as moot after affirming a finding of non-infringement. 508 U.S. 83, 96 (1993). MEC's quote is irrelevant because it mentioned only "a declaratory judgment of invalidity," not non-infringement. Reply at 3[1].

MEC's new claim that its denial was due to a "lack of jurisdiction over the non-asserted claims," Reply at 3, is nonsense. MEC admitted jurisdiction stating that "MEC admits that an actual and justiciable controversy exists between it and Walmart with respect to infringement of the '236 Patent" and "the '058 Patent." Dkt. No. 18, ¶¶ 161, 167. MEC now argues that a pleading "only provides notice of a dispute not its details." Reply at 3 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1261 (3d ed. 2018)). But MEC ignores that

---

[1] *Cardinal* confirms that when "a party has actually been charged with infringement of the patent, there is *necessarily*, a case or controversy adequate to support jurisdiction of a complaint, or a counterclaim, under the Act." *Cardinal*, 508 U.S. at 96 (emphasis in original). *Cardinal* explained that the very purpose of the Declaratory Judgment Act was to allow an accused infringer to obtain resolution in the face of threatened infringement. *Id.* at 95-96 (citing *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734-35 (Fed. Cir. 1988)).

DJ counterclaims "often may be an efficient way to adjudicate all of the controversies between the parties in one proceeding." *See* 6 Federal Practice & Procedure § 1406 (3d ed. 2021).

MEC tries to distinguish *Medtronic* on the basis that it addresses the burden of proof for a DJ action. Reply at 3. As explained in Walmart's Response, *Medtronic* explains that a patentee who threatens another with claims of infringement may be forced into "full-blown patent-infringement litigation." *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 203 (2014); Dkt. No. 226 at 5. MEC's suggestion that *Medtronic* is limited to "a contract permitting either payment for royalties for a claim of infringement or challenge by DJ" is misleading. Reply at 3. Rather, *Medtronic* applied long-settled principles to a specific DJ claim to confirm that it does not matter whether the patent owner or accused infringer initiates the claim. Such procedural matters do not affect substantive rights. *See Medtronic*, 571 U.S. at 199. Because the form of the pleadings does not matter, a patentee who denies a DJ of non-infringement has put the question of infringement at issue. *Medtronic* does not permit the use of procedural arguments to abridge a party's substantive right to a determination of non-infringement. Yet this is exactly what MEC seeks to do. MEC's Motion should be denied.

### B. MEC's Marking Arguments Contradict MEC's Documents and Witnesses

MEC relies on its evasive discovery responses to suggest that it does not have a product that practices. Reply at 4-5. MEC conveniently claims that its marketing documents describe a product that can practice (for purposes of willfulness), but that the product that MEC demonstrated does not practice. *Id.* Whether MEC had a practicing product is hotly disputed, particularly where many of MEC's internal documents contradict MEC's self-serving discovery responses. *See, e.g.*, Ex. 4 (MEC-WM-00053778) at 2 ("QRUZ is a patented, mobile payments system/App") (emphasis in original); Dkt. No. 226 at 6-13. To the extent MEC still disputes what its internal documents plainly state, this is a fact issue for the jury, not summary judgment.

4

Dated: March 28, 2022                    Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Debby Gunter
State Bar No. 24012752
FINDLAY CRAFT, P.C.
102 N. College Ave. Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: dgunter@findlaycraft.com

Kathryn Riley Grasso
Damon Marcus Lewis
Christian Chessman
Henry R. Fildes
DLA Piper LLP (US)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
Email: Kathryn.Riley@us.dlapiper.com
Email: Damon.Lewis@us.dlapiper.com
Email: Henry.Fildes@us.dlapiper.com
Email: Christian.Chessman@us.dlapiper.com

Joel Chao-Iee Lin
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York
10020-1104
Tel: (212) 335-4558
Fax: (212) 884-8557
Email: joel.lin@dlapiper.com

Jackob Ben-Ezra
DLA Piper LLP (US)
1000 Louisiana Street
Suite 2800
Houston, Texas 77002-5005
Tel: (713) 425-8431
Fax: (713) 300-6031
Email: jackob.ben-ezra@dlapiper.com

Benjamin Yaghoubian
DLA PIPER LLP (US)
2000 Avenue of the Stars, Ste 400, N. Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3000
Email: benjamin.yaghoubian@dlapiper.com

**COUNSEL FOR DEFENDANT
WALMART INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, a true and correct copy of the foregoing document was electronically filed in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay

