IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOBILE EQUITY CORP., § <br> § <br> *Plaintiff*, § <br> § Case No. 2:20-CV-00126-JRG-RSP <br> v. § <br> § JURY TRIAL DEMANDED <br> WALMART INC., § <br> § <br> *Defendant*. § | |

### DEFENDANT WALMART INC.'S REQUEST FOR A TELEPHONIC STATUS CONFERENCE

On April 28, 2022, Defendant Walmart Inc. ("Walmart") filed its motion to reconsider the Court's order setting a July 11, 2022 trial date in this matter. Dkt. No. 334. The motion to reconsider attached email documentation showing that Plaintiff Mobile Equity Corp. ("MEC") had made a material misrepresentation of fact in asserting that Walmart did not have a conflict with a July 11 trial date, despite having email correspondence from Walmart indicating a conflict with July 11. Dkt. No. 334, Ex. 1 (Email from E. Findlay to B. Davis, indicating that: "Just yesterday I learned that we can't make the 11th work.").

The Court granted Walmart's contemporaneous motion for expedited briefing, and also ordered the parties to identify their conflicts with a series of dates, including August 8, 2022. Dkt. No. 337. In response, MEC filed its response brief indicating that its damages expert, Dr. Becker, was set to participate in a multi-week arbitration proceeding which overlapped, in part, with an August 8 trial date. Dkt. No. 339. Walmart addressed August 8 in its reply brief, explaining why August 8 was nonetheless workable because Dr. Becker could coordinate between a multi-week arbitration proceeding and his testimony in this case. Dkt. No. 342. Given MEC's disclosed

conflicts, Walmart advocated for an August 8 trial date, or alternatively a September 26 trial date (given the lack of conflict for any witness or any party representative).[1]

For the first time in surreply, MEC indicated that Dr. Becker had a new conflict with August 8: a multi-week federal patent trial, set to be tried from August 1 to August 12 in the District of Massachusetts.[2] MEC also raised a number of other new matters, related to Walmart's conflicts, including an assertion that Walmart's lead counsel did not have a conflict based on her presence as co-lead counsel in another patent trial in the Central District of California. Walmart has previously reached out to MEC repeatedly to discuss trial conflicts, Dkt. No. 342 at Ex. 1-2, and MEC has refused to respond or coordinate with Walmart. Walmart has again on this date reached out to MEC offering to confer on mutually agreeable trial dates, and informing MEC that Walmart would raise a request for a status conference to address the appropriate trial date in light of the new matters raised by MEC. *See* Ex. A (Email from C. Chessman to Counsel for MEC). Walmart also provided MEC with a sworn declaration from Ms. Grasso about her role in the CDCA patent litigation as co-lead counsel, firmly rejecting MEC's baffling suggestion that because Ms. Grasso's ECF credentials had not been used on a filing, Medtronic should be forced to proceed without Ms. Grasso (despite her central role in trial of the matter). Ex. B. Again, MEC has not responded. Nor has MEC reached out with its availability for a pretrial conference in this case, despite the Court's order to do so. Currently, no pretrial conference is set—the Court vacated

---

[1] MEC has represented that one of its lawyers, who is not lead counsel, has a family conflict near-in-time to September 26, but does not have a conflict on September 26 itself. Walmart is willing to accommodate that family conflict and will agree to a different, conflict-free date—the first such date appears to be in November—but if the Court is not inclined to set a trial in November, then the Court should choose September 26. One lawyer's family conflict does not justify substantively prejudicing Walmart's ability to put on a merits presentation of its fact and expert witnesses.

[2] MEC further indicated that the multi-week arbitration previously referenced by MEC, in which Dr. Becker is slated to participate, had been rescheduled to begin on August 1, and proceed through August 12. Dr. Becker is apparently scheduled to testify in Houston as part of such arbitration, further confirming Walmart's position that Dr. Becker could be scheduled to accommodate testifying in the arbitration at some point in the multi-week process (which MEC does not dispute has more relaxed presentation-of-proof standards relative to a federal jury trial) and this matter.

the pretrial conference in resetting the trial—and the current trial date is looming with no pretrial on calendar.

Given the expedited posture of this matter, and out of respect for the Court's interest in timely setting a trial date, Walmart hereby files this request for a telephonic status conference during the week of May 16-20. Walmart's counsel will be available at the Court's convenience.

Dated: May 15, 2022

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Debby Gunter
State Bar No. 24012752
FINDLAY CRAFT, P.C.
102 N. College Ave. Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: dgunter@findlaycraft.com

Kathryn Riley Grasso
Christian Chessman
Henry R. Fildes
DLA Piper LLP (US)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4000
Fax: (202) 799-5000
Email: Kathryn.Riley@us.dlapiper.com
Email: Henry.Fildes@us.dlapiper.com
Email: Christian.Chessman@us.dlapiper.com

Joel Chao-Iee Lin
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York
10020-1104
Tel: (212) 335-4558
Fax: (212) 884-8557
Email: joel.lin@dlapiper.com

        Jackob Ben-Ezra
DLA Piper LLP (US)
1000 Louisiana Street
Suite 2800
Houston, Texas 77002-5005
Tel: (713) 425-8431
Fax: (713) 300-6031
Email: jackob.ben-ezra@dlapiper.com
Benjamin Yaghoubian
DLA PIPER LLP (US)
2000 Avenue of the Stars, Ste 400, N. Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3000
Email: benjamin.yaghoubian@us.dlapiper.com

***COUNSEL FOR DEFENDANT
WALMART INC.***

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel have complied with the meet-and-confer requirements of Local Rule CV-7(h) between Plaintiff Mobile Equity Corp. ("MEC") and Defendant Walmart, Inc. ("Walmart"). As attached as Exhibit A, Walmart reached out to MEC regarding the request sought herein. MEC has not yet responded but given the expedited briefing and anticipated action by the Court on the trial date Walmart is filing the attached in the same expedited manner.

        */s/ Eric H. Findlay*
        Eric H. Findlay

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on May 15, 2022.

                                                */s/ Eric H. Findlay*
                                                Eric H. Findlay