# Exhibit A

Case 2:21-cv-00126-JRG-RSP   Document 344-1   Filed 05/15/22   Page 1 of 3 PageID #: 12157

| | |
|---|---|
| **From:** | Chessman, Christian <Christian.Chessman@us.dlapiper.com> |
| **Sent:** | Sunday, May 15, 2022 4:55 PM |
| **To:** | MEC |
| **Cc:** | DLA-Walmart-MEC; Eric Findlay |
| **Subject:** | MEC v. Walmart - Walmart's Renewed Request to Confer and New Matters Raised by MEC |
| **Attachments:** | 2022-5-15 - Grasso Declaration.pdf |

Counsel,

At 4:39 PM CT on Friday, Walmart received MEC's surreply addressed to Walmart's motion to set a new trial date in this matter. MEC's surreply raises a number of new factual representations for the first time. Walmart again renews its request to discuss a conflict-free trial date, including to discuss potential accommodations that might reasonably be made by Dr. Becker in light of the new information raised by MEC. Walmart has repeatedly reached out to MEC to try and coordinate a mutually-agreeable trial date, and Walmart would prefer to present the Court with an agreed-upon trial date that does not present conflicts for either party.

If the parties cannot come to agreement, Walmart intends to file a request for a 30-minute status conference to address the appropriate date for trial. Given the Court's order granting expedited briefing, Walmart expects the Court seeks to resolve the trial date in an expeditious manner. Accordingly, Walmart will file its request for a 30-minute status conference to address scheduling on Sunday evening, today, to ensure it is available to the Court at the open of business Monday. Before then, failing an ability to agree to a conflict-free trial date, Walmart would appreciate MEC's position on whether it will oppose a request for 30-minute status conference, as well as MEC's availability to appear before the Court next week. Walmart will convey the parties' availability to the Court if timely received from MEC. Walmart intends to raise the following in response to the new matters identified by MEC's surreply.

First, MEC suggests that Ms. Grasso need not participate in the *Colibri v. Medtronic*. Surreply at 4-5. This suggestion is both new and mistaken. As detailed in the attached declaration, Ms. Grasso is one of two co-lead counsel who will try the case. Moreover, MEC's suggestion that *Medtronic* proceed without Ms. Grasso contradicts MEC's suggestion that it cannot proceed without Mr. Hurt. Mr. Hurt is not co-lead counsel, his family conflict antedates a September 26 trial date, and MEC represents his role is related to technical issues. But in opposing a September 26 trial date, MEC relies on such family conflict for Mr. Hurt. Ms. Grasso is co-lead counsel for Medtronic, and her role includes both technical matters and damages related matters.

Second, MEC indicates that Dr. Becker's schedule and conflicts have changed substantially, including his testimony in an entirely new case that "was inadvertently omitted" from MEC's briefing and meet-and-confer disclosures to date. Surreply at 5. Before MEC filed its response brief, the Court ordered MEC to investigate and disclose its conflicts. MEC's response brief, filed after the Court's order, did not raise this new case as a conflict for Dr. Becker. MEC's surreply does not explain why MEC failed to investigate and disclose this information. Moreover, MEC does not explain why Dr. Becker cannot follow the approach MEC suggests for Dr. Krein and Mr. Eckert: either fly in to testify in this matter, after coordinating his testimony with his co-pending matter, or to appear by video deposition (*cf.* Surreply at 5, suggesting newly-taking trial video depositions for Dr. Krein and Mr. Eckert). Particularly since MEC represents that the new case, set for August 1-12, Surreply at 5, only partially overlaps with trial on August 8, MEC identifies no reason why Dr. Becker could not coordinate his conflicts, making an August 8 date workable.

Finally, for the first time, MEC raises the prospect of Dr. Krein and/or Mr. Eckert testifying by video deposition, despite Walmart's long-stated intention to bring both individuals to trial to testify live. Respectfully, MEC's suggestion that Walmart could offer Dr. Krein or Mr. Eckert through a pre-recorded video is misplaced for three reasons. First, it is a double-edged sword—MEC could also offer its witnesses through video, which would allow trial on the August 8 date. MEC's approach—"video for thee and not for me"—lacks a basis, particularly because a July 11 trial would require multiple new video trial depositions to address multiple conflicted witnesses for Walmart (Mr. Eckert and Dr. Krein), while only one such deposition would be required of MEC (i.e., Dr. Becker) for an August 8 date. Second, the Court should not disadvantage either party by forcing it to put its witnesses on remotely, and should instead set the case for a conflict-free time, even if that time occurs in November. As Chief Judge Gilstrap has forcefully recognized:

> Jury trials are innately human experiences. More is often communicated in a courtroom non-verbally than verbally. Such a human experience must allow for the look and feel of direct human interaction. Such factors as cadence, tone, inflection, delivery, and facial expression are as vital to due process as is the applicable statute or case law. When Daniel Webster argued the Dartmouth College case, John Marshall cried from the bench. *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819). Our history is replete with such examples of the humanity engrained in the American jury trial. This Court is persuaded that the remote, sterile, and disjointed reality of virtual proceedings cannot at present replicate the totality of human experience embodied in and required by our Sixth and Seventh Amendments

*Solas OLED v. Samsung*, 2:19-cv-152, Dkt. No. 302 at 3 n.4 (E.D. Tex. Nov. 20, 2020) (Gilstrap, C.J.). The Court's careful concern about "remote, sterile, and disjointed reality of virtual proceedings" has purchase in this context.

In short, August 8 appears workable, as MEC offers no reason why Dr. Becker could not coordinate his testimony between the "recently set" new trial and this matter. And the Court could also easily set the case in November, which would appear to avoid any conflict whatsoever for counsel or witnesses. Walmart remains willing to meet and confer to come up with a mutually agreeable trial date to present to the Court.

Best,
Christian


Christian Chessman
Associate

---

T  +1 650 833 2112
F  +1 650 687 1141
christian.chessman@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

