IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE EQUITY CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:21-cv-00126-JRG-RSP |
| | § | |
| WALMART INC., | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment Regarding Standing filed by Defendant Walmart Inc. Dkt. No. 203. Having considered the briefing, the motion should be **DENIED**.

### I.      Background

On April 7, 2021, Plaintiff Mobile Equity Corp. filed this suit alleging infringement of U.S. Patent Nos. 8,589,236 (the "'236 Patent") and 10,535,058 (the "'058 Patent"). Both of the asserted patents list as the sole inventor Marwan Monir Afana and claim priority to provisional application No. 61/279,322, with the '058 Patent also claiming priority to U.S. Pat. App. 12/906,989 (the "'989 Application") that issued as the '236 Patent. Dkt. Nos. 1-1, 1-2.

During the prosecution of the '989 Application, Afana executed an assignment agreement that assigned to Faber Financial, LLC the "entire worldwide right, title, and interest in all inventions and improvements" related to and any future application claiming priority from the '989 Application. Dkt. No. 232-4. This assignment agreement was recorded with the USPTO and, therefore, Faber Financial is listed as the assignee on the face of the '236 Patent. Dkt. No. 1-1.

Prior to the issuance of the '058 Patent, Faber Financial became in March 2014 a Delaware

corporation and changed its name to Mobile Equity Corp. Dkt. No. 232-3. This conversion was recorded with the USPTO, for both asserted patents, and because this conversion was recorded during prosecution of the '058 Patent, Mobile Equity is listed as the assignee on the face of the '058 Patent. Dkt. No. 1-2.

When he filed the initial provisional application, Afana was married to Aziza Kassem. Dkt. No. 202 at 3. Afana and Kassem were married in 1991 and lived in the state of Texas throughout their marriage. *Id.* In 2018, Kassem initiated divorce proceedings and the final divorce decree ending the marriage was entered on September 23, 2019. Dkt. No. 202-5.

In its Motion, Walmart moves the Court to find that Mobile Equity does not have the right to bring this suit and therefore to dismiss the present suit for failure to comply with 35 U.S.C § 281. Also, Walmart moves the Court to find that Kassem is a co-owner of the asserted patents who was not joined to this suit; therefore, the suit must be dismissed for this reason as well.

## II.    Legal Standard

Title 35 allows a "patentee" to bring a civil action for patent infringement. 35 U.S.C. § 281. The term "patentee" includes the original patentee (whether the inventor or original assignee) and "successors in title." 35 U.S.C. § 100(d). Furthermore, if a patent has multiple owners, all co-owners must be joined as plaintiffs. *AntennaSys, Inc. v. AQYR Techs. Inc.*, 976 F.3d 1374, 1378 (Fed. Cir. 2020).

"If the party asserting infringement is not the patent's original patentee, 'the critical determination regarding a party's ability to sue in its own name is whether an agreement transferring patent rights to that party is, in effect, an assignment or a mere license.'" *Lone Star Silicon Innovations LLC v. Nanya Tech. Co.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) (quoting *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1319 (Fed. Cir. 2009)).

"To confer patentee status to the assignee, an assignment must be documented in an instrument in writing, but there are no form or content requirements for the written instrument specified in the statute." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020) (citing 35 U.S.C. § 261) (internal quotation marks omitted)). "The recording of an assignment with the PTO . . . creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment." *SiRF Tech., Inc. v. I.T.C.*, 601 F.3d 1319, 1327–28 (Fed. Cir. 2010).

"In addition to the § 261 written instrument requirement of assignment, the plaintiff must have the legal title to the patent or patent application, which is determined by state law. The assignment of a patent's legal title is interpreted in accordance with contract statutes and common law in the state where the assignment took place." *Schwendimann*, 959 F.3d at 1072 (internal citations omitted).

### III.   Analysis

Walmart's raises two alternative grounds for its argument that Mobile Equity lacks standing: (1) Afana never properly assigned his interest to Mobile Equity, and (2) Mobile Equity failed to a join Kassem to this suit, who Walmart argues is a co-owner of the asserted patents. In response, Mobile Equity argues that Walmart's motion is not only procedurally improper but also misapplies the relevant law. The Court will address the procedural posture of Walmart's motion first and then address Walmart's arguments in turn.

> a.   *Statutory Standing and Timing of Walmart's Motion*

The Federal Circuit in *Lone Star* held that compliance with § 281 is not a jurisdictional requirement, stating "whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." *Lone Star*, 925 F.3d at 1235-36. Furthermore, the Federal

Circuit in *Lone Star* held that a motion under 12(b)(6) is a proper vehicle to challenge compliance with § 281. *Lone Star*, 925 F.3d at 1235.

Citing *Lone Star*, Mobile Equity argues that, because failure to comply with § 281 is now brought under Rule 12(b)(6), Walmart's Motion is not timely raised and a motion for summary judgment is not the proper vehicle to challenge compliance with § 281.

The Court finds that the Motion is timely and that the issue of whether Mobile Equity can bring suit under §281 can be properly raised in a motion for summary judgment. Under the Federal Rules, a 12(b)(6) motion can be brought at any point up to and at trial; therefore, a challenge to a party's ability to bring suit under § 281 can be raised during the pre-trial process and even at trial. *See AntennaSys*, 976 F.3d at 1379 (citing Rule 12(h)(2); Charles Alan Wright & Arthur R. Miller, *5C Fed. Prac. & Proc. Civ.* § 1392 (3d ed.)). Furthermore, the Rules also provide that, if on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Given this, the Court finds no issue with challenging whether Mobile Equity is a patentee under § 281 on summary judgment. However, the Court also finds that the Motion does not challenge the Court's subject matter jurisdiction.

      b.   *Whether Mobile Equity can bring suit under § 281*

Here, Mobile Equity produced an agreement that was recorded with the PTO in which Afana assigned to Faber Financial his "entire worldwide right, title, and interest in and to" the '989 Application and any future applications that claimed priority to the '989 Application. Dkt. No. 232-4. Mobile Equity has also produced the documents related to the conversion of Faber Financial to Mobile Equity that were recorded with the USPTO. Dkt. No. 232-3. Because the assignment and conversion documents were recorded, this "creates a presumption of validity as to the

assignment and places the burden to rebut such a showing" on Walmart. *SiRF Tech.*,  601 F.3d at 1327–28.

Walmart's first attempt to rebut the assignment agreement is by refusing to acknowledge that Mobile Equity has produced the assignment agreement, arguing that the document Mobile Equity has produced is only a "USPTO recordation document," which is not sufficient to show standing. Dkt. No. 203 at 10. This is a frivolous argument. The document is clearly entitled "ASSIGNMENT"; it is signed by Afana; and the body of the agreement explicitly assigns Afana's entire interest to Faber Financial. Dkt. No. 232-4 at ECF# 3-4. Walmart has produced no evidence contradicting that this is an assignment agreement.

Walmart's next attempt is to argue that the "document titled 'ASSIGNMENT' included in the file history of the '236 patent is insufficient evidence of assignment as it is void for lack of consideration" under Texas law. Dkt. No. 203 at 11. According to Walmart, Texas[1] contract law requires, for a contract to be enforceable, the consideration must be recited in detail in the contract itself. Dkt. No. 203 at 12 (citing *Sandel v. ATP Oil & Gas Corp.*, 243 S.W.3d 749, 752 (Tex. App. 2007)).

Walmart grossly misstates Texas law. First, *Sandel* addressed whether, under the Restatement (Second) of Contracts § 87, for a written offer to become a binding option contract, the offer needed to recite in detail the consideration for the offer. *Id.* at 752. This is an entirely different issue than the one before the Court; therefore, *Sandel* is irrelevant.  Furthermore, the offer in *Sandel* did not expressly recite *any* consideration at all.

Second, under Texas law, "the existence of a written contract presumes consideration for its execution. Therefore, the party alleging lack of consideration has the burden of proof to rebut

---

[1] Neither party contests the application of Texas state law.

this presumption." *Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App. 2010). Walmart, as the party alleging lack of consideration, has produced no evidence to support its argument that there was no consideration for the assignment agreement.

Third, in *Tomlin v. East Texas Sav. & Loan Ass'n*, 1991 WL 97514 (Tex. App.—Dallas, June 7, 1991), the court held that reciting the phrase "for 'good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged' . . . presumptively imports consideration, and the burden was on [the party challenging consideration] to prove the absence of consideration by competent summary judgment evidence." *Id.* at *2 (citing *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 107 (Tex. App. 1987)). Here, the assignment agreement recites, "For good and valuable consideration, the receipt of which is hereby acknowledged . . . ." Therefore, under Texas law, the Court presumes consideration.[2] Again, Walmart failed to produce evidence to rebut this presumption, instead choosing to rely on misstatements of Texas law and ignorance of the facts.

In sum, given that the assignment agreement is presumed to have consideration, and thus to be valid, and the necessary documents were recorded with the PTO,  the Court finds that Mobile Equity is a patentee for the purposes of § 281 and has the right to bring this suit.

c.   *Whether Kassem must be joined to this suit*

Although Kassem was never listed as an inventor and Walmart has produced no written instrument showing Kassem was ever assigned an interest in the Asserted Patents, Walmart argues that Kassem has an ownership interest in the Asserted Patents as a result of Texas community property law. In Texas, "property other than separate property, acquired by either spouse during marriage" is considered property of both spouses. *See* Tex. Fam. Code § 3.002. According to

---

[2] Walmart also argued that this language in the assignment agreement is "illusory consideration." Dkt. No. 203 at 13. However, this argument is unpersuasive given the holding of *Tomlin*.

Walmart, the Asserted Patents are community property of both Afana and Kassem because Afana conceived of the invention and filed the provisional application from which the Asserted Patents claim priority while Afana and Kassem were married. Dkt. No. 203 at 5. Given this, Walmart argues that Kassem presently retains an ownership interest in the Asserted Patents and "would have needed to have been joined as a plaintiff in this action when it was first filed for standing to be proper." *Id.*

Walmart's argument borders on frivolous. As an initial matter, the Court has serious doubts that Walmart's community property arguments are properly raised in this suit[3]; however, because the parties did not squarely address these issues, the Court will proceed to resolve the motion on the parties' substantive arguments. Assuming that the Asserted Patents would be community property based on the filing of a provisional application during marriage and that Afana breached his fiduciary duty by assigning the '989 Application, the Court finds that Mobile Equity is entitled to the protections given to third persons under Tex. Fam. Code § 3.104.

Section 3.104,[4] entitled "Protection of Third Persons," provides "where community

---

[3] For example, the Court could reject Walmart's arguments for a lack of standing because Walmart is seeking to assert Kassem's legal right or interest in the Asserted Patents. *See Warth v. Seldin*, 422 U.S. 490, 499-500 (1975) ("[T]his Court has held that [a party] generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. . . . Without such limitations—closely related to Art. III concerns but essentially matters of judicial self-governance—the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions."). Alternatively, under Texas law, the Court could reject the arguments because Kassem would have to bring her claim to the Asserted Patents against Afana or his estate, not Mobile Equity. *See Chu v. Hong*, 249 S.W.3d 441, 445 (Tex. 2008) ("But the question presented here is a narrower one: whether a third party can be held liable in tort when community property *is taken by one of the spouses*. We answered that question in the negative in *Cohrs v. Scott*.") (emphasis in original). Third, even Walmart's cited case law shows that Kassem would need to bring her claims of fraudulent transfer against Afana or his estate and then she would most likely only have a claim to the proceeds of the fraudulent transfer, not ownership rights. Dkt. No. 203 at 7 (citing *Carnes v. Meadori,* 533 S.W.2d 365, 371 (Tex. App. 1975)) ("the aggrieved spouse has a right of recourse first against the property or estate of the disposing spouse; and if that proves to be of no avail, then the aggrieved spouse may purse *the proceeds* to the extent of her community interest into the hands of the party to whom the funds have been conveyed.") (emphasis added).

[4] Tex. Fam. Code § 3.104 reads:

> (a) During marriage, property is presumed to be subject to the sole management, control, and disposition of a spouse if it is held in that spouse's name, as shown by muniment, contract, deposit of funds, or other evidence of ownership, or if it is in that spouse's possession and is not subject to such evidence of ownership. (b) A third person dealing with a spouse is entitled to rely, as against

property is held in one spouse's name only, there is a presumption that the property is sole-management community property. . . . Absent a showing of fraud or notice on the part of persons dealing with the named spouse, this sole-management presumption protects third parties who rely on the spouse's authority to deal with the property." *Jean v. Tyson-Jean*, 118 S.W.3d 1, 5 (Tex. App. 2003) (citing Tex. Fam. Code § 3.104; *In re McCloy*, 296 F.3d 370, 373 (5th Cir. 2002)) (internal citations omitted). If the requirements of § 3.104 are met, the other spouse has no claim of ownership over the disposed property and the third party takes ownership of the property.

Here, Mobile Equity argues that it is allowed to rely on Afana's authority to transfer the property and thus take ownership of the Asserted Patents clear of any interest Kassem may have. Dkt. No. 232 at 11-12. "To earn the right to rely on the presumption, a third party must show three things: (1) the property conveyed was presumed to be subject to the named spouse's sole management; (2) the grantee was not party to a fraud on the unnamed spouse; and (3) the grantee had no notice of any lack of authority of the named spouse to convey the property." *Jean*, 118 S.W.3d at 6. "If the third party offers evidence supporting these three facts, the burden shifts to the unnamed spouse to rebut the third party's presumption of entitlement." *Id.*

For the first element, all of the patent applications, provisional and non-provisional, filed during the marriage are properly presumed to be sole management community property. Afana was the only listed inventor, thus the community property was held only in Afana's name. Walmart offers no evidence to rebut this presumption; therefore, Mobile Equity satisfies the first element.

For the next two elements, Mobile Equity offers testimony from Kassem that she was aware

---

the other spouse or anyone claiming from that spouse, on that spouse's authority to deal with the property if: (1) the property is presumed to be subject to the sole management, control, and disposition of the spouse; and (2) the person dealing with the spouse: (A) is not a party to a fraud on the other spouse or another person; and (B) does not have actual or constructive notice of the spouse's lack of authority.

that Afana was an inventor of several U.S. Patents. Dkt. No. 232 at 11. Additionally, Mobile Equity offers two agreements that when read together show Kassem consented to the transfer of any patent rights Afana may have had to the Asserted Patents to Mobile Equity. Dkt. No. 232 at 11-12 (citing Dkt. Nos. 232-6, 232-7). The Court finds that this evidence is sufficient to satisfy the remaining two elements of § 3.104, and therefore, the burden shifts to Walmart to rebut Mobile Equity's presumption of entitlement.

Walmart's only argument in response is that there is no evidence of Kassem's consent to transfer the Asserted Patents because the documents cited by Mobile Equity do not specifically identify the Asserted Patents. Dkt. No. 260 at 4.[5] This argument fails for two reasons: first, Mobile Equity would not have needed to specifically list the '989 Application, or the '236 Patent which had issued by November 2014, by name because Afana had already assigned his entire interest in the '989 Application. Thus, there would have been no reason to list something Mobile Equity already owned. Second, assuming that Mobile Equity did not own the Asserted Patents, the language in the Invention Assignment Agreement (Dkt. No. 232-7) is broad enough to have effected the assignment of the Asserted Patents upon execution of the Invention Assignment Agreement. Thus, by incorporating the Invention Assignment Agreement into the "Founder's Restricted Stock Purchase Agreement" (Dkt. No. 232-6), which Kassem provided written consent to, the Court finds unpersuasive Walmart's attempt to rebut Mobile Equity's presumption of entitlement. Therefore, the Court finds that Kassem has no ownership interest in the Asserted Patents and Mobile Equity is the sole owner of the Asserted Patents.

---

[5] To support its community property arguments, Walmart submitted an "expert report" from Marilea W. Lewis, in which Judge Lewis opines about whether Mobile Equity has standing to bring suit. However, Judge Lewis offered no opinions addressing Tex. Fam. Code § 3.104; therefore, the Court finds her opinions irrelevant to the issue of whether or not Mobile Equity can invoke the protections of § 3.104.

## IV.     Conclusion

Based on the Court's findings that Afana properly assigned his entire interest to the Asserted Patents to Mobile Equity and that Kassem has no interest in the Asserted Patents, the Court finds that Mobile Equity is the sole "patentee" for the purposes of bringing this suit. Therefore, the Court recommends that the motion for summary judgment by Walmart be **DENIED.**

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, resp oth]" or it may not be considered by the District Judge.

**SIGNED this 23rd day of August, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

10