**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MOBILE EQUITY CORP., § § *Plaintiff*, § § v. § Case No. 2:21-cv-00126-JRG-RSP § WALMART INC., § § *Defendant*. § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment of No Pre-Suit Indirect Infringement filed by defendant Walmart Inc. Dkt. No. **204**. Having considered the briefing, the undersigned **RECOMMENDS** that the motion be **DENIED**.

**I.    Background**

On April 7, 2021, Plaintiff Mobile Equity Corp. ("MEC") filed suit against Walmart alleging direct and indirect infringement of U.S. Patent Nos. 8,589,236 (the "'236 Patent") and 10,535,058 (the "'058 Patent"). Dkt. No. 1 ¶¶ 78-80, 108-110. Walmart has moved for summary judgment.[1]

**II.    Summary Judgment Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] The motion's title refers to "Indirect" infringement, but the briefs recite only the law of induced infringement. Compare Dkt. No. 204 p 3-4, with Dkt. No. 223 p 5-6. Nonetheless, the motion is directed specifically to the element of knowledge, which as is an element of both induced and contributory infringement with the same analysis.

1

242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). It is important to note that the standard for summary judgment is two–fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. *Liberty Lobby*, 477 U.S. at 250. The nonmoving party must establish the existence of a genuine dispute of material fact for trial by showing the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific facts which meet his burden of proof. Id. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy*, 44 F.2d at 312 (citing *Liberty Lobby*, 477 U.S. at 247).

### III.   Law

The Patent Act provides three general theories of infringement. 35 U.S.C. § 271(a)-(c). The first, direct infringement pursuant to § 271(a) "is a strict-liability offense." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761, n. 2 (2011)). On the other hand, induced infringement pursuant to § 271(b) and contributory infringement pursuant to §271(c) each require knowledge of infringement. *Id*. (citing

*Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (*Aro II*)). Implicit in the knowledge requirement is knowledge of the patents in suit. *Id.* However, knowledge of the patent by itself is insufficient; knowledge of another's direct infringement resulting from the accused's conduct is also required. *Id.* at 639-40; see also *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("*Commil*, like *Global–Tech*, held that proof of induced infringement requires not 'only knowledge of the patent' but also 'proof the defendant knew the [induced] acts were infringing.'"); *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004) (proof of contributory infringement requires a "show[ing] that [defendant] 'knew that the combination for which its components were especially made was both patented and infringing.' ") (citing *Preemption Devices, Inc. v. Minn. Mining & Mfg., Co.,* 803 F.2d 1170, 1174 (Fed.Cir.1986)). Additionally, "knowledge of infringement can be inferred from circumstantial evidence." *Warsaw*, 824 F.3d at 1347 (Fed. Cir. 2016).

A theory of "willful blindness can satisfy the knowledge requirement for" both induced and contributory infringement. *Warsaw*, 824 F.3d at 1347 (citing *Commil*, 575 U.S. at 640-42; *Global-Tech*, 563 U.S. at 766-68). A willfully blind defendant "must subjectively believe that there is a high probability that a fact exists and … must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769. Willful blindness, like actual knowledge, may be inferred from circumstantial evidence. See *Global-Tech*, 563 U.S. at 766 ("[C]ourts applying the doctrine of willful blindness hold that defendants cannot escape the reach of these statutes by deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances."); *Id.* at 770-71 (reviewing circumstantial evidence before the jury and concluding that the "evidence was more than sufficient for a jury to find" willful blindness); *Warsaw*, 824 F.3d at 1348 ("[W]e conclude that there was substantial evidence that [defendant]'s

infringement position was objectively unreasonable and that the jury, based on this evidence, could reasonably have concluded that [defendant] had knowledge (or was willfully blind to the fact) that it was infringing.").

From here, the remaining elements and analysis of induced and contributory infringement diverge. However, they are not at issue because the motion only challenges pre-suit knowledge.

IV.   Analysis

On or around July 14, 2015, MEC demonstrated its technology to Brent Gamblin of Premier Bank, which was partially owned by a member of the Walton family. Using this connection, Gamblin put Mr. Afana, of MEC, in touch with Walmart engineers. Mr. Afana then had three phone conversations with Walmart engineers regarding MEC's patented mobile e-payment technology.

Walmart argues that this evidence is inadmissible because (1) in the absence of direct evidence showing that Gamblin actually contacted Walmart about MEC, whether MEC met with Gamblin is irrelevant to Walmart's knowledge of infringement, or in the alternative (2) Howard's testimony supporting these facts lacks credibility and amounts to hearsay. Dkt. No. 258 pp 2-3. The credibility of a witness is not an appropriate issue for summary judgment. On the other hand, summary judgment may not rely on inadmissible evidence. Because the admissibility of this testimony is not dispositive, the Court reserves such a determination.

Beyond the evidence Walmart challenges as inadmissible, MEC through Mr. Howard and Mr. Afana emailed Walmart with a presentation of its services in the Spring of 2016. This timing is of interest because the mobile e-payment solution accused of infringement, Walmart Pay, was first introduced in December of 2015 and fully deployed in July of 2016. Further, at least one recipient of the emails replied and relayed to MEC that the presentation would be forwarded to

Walmart's CEO of Global eCommerce and Technology and Walmart's Corporate Development team.

Walmart argues that the presentation materials were insufficient to place Walmart on notice or to confer knowledge of infringement because the presentation neither included a copy of the Asserted Patents or identifying patent numbers, offered a license, or accused Walmart of infringement. However, Walmart does not offer any case law supporting the necessary conclusion that the absence of identifying patent numbers, offers to license, and accusations of infringement in pre-suit materials is fatal to a claim of pre-suit indirect infringement. Further, Walmart's argument that the presentation failed to offer a license contradicts Walmart's characterization of the presentation as a "solicitation … to sell… MEC's own software for a mobile e-payment application." Dkt. No. 204 p 5.

Additionally, Walmart's arguments focus on direct evidence, or the lack thereof, supporting actual knowledge when case law holds that circumstantial evidence of willful blindness is sufficient. See *Global-Tech*, 563 U.S. at 766 ("[C]ourts applying the doctrine of willful blindness hold that defendants cannot escape the reach of these statutes by deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances."); *Id.* at 770-71 (reviewing circumstantial evidence before the jury and concluding that the "evidence was more than sufficient for a jury to find" willful blindness); *Warsaw*, 824 F.3d at 1348 ("[W]e conclude that there was substantial evidence that [defendant]'s infringement position was objectively unreasonable and that the jury, based on this evidence, could reasonably have concluded that [defendant] had knowledge (or was willfully blind to the fact) that it was infringing.").

The presentation described the technology of the Asserted Patent,[2] disclosed the

---

[2] Walmart reliance's on MEC's admissions is not relevant because Walmart has not adequately linked MEC's supplemental responses directed towards the specific question of whether "QRUZ" practices the Asserted Patents to

technology's status as patented in the United States, South Africa and Taiwan and as patent pending in Canada, Mexico, China, Israel, EU, Brazil and India, and listed the prosecution counsel. MEC provided the presentation when Walmart was invested in the development of a mobile e-payment solution and more specifically when Walmart was actively rolling out and deploying the accused service Walmart Pay. This evidence is sufficient to establish a genuine dispute of material fact regarding Walmart's actual knowledge of or willful blindness to infringement of the '236 Patent.

The facts are different for the '058 Patent. It issued on January 14, 2020. MEC claims that the argument with respect to the '236 Patent "applies with equal force" to the '058 Patent. Dkt. No. 223 p 14. However, when the presentation was provided to Walmart, the '058 Patent was only an application. As such, the arguments with respect to the '236 Patent support a finding that Walmart was aware of the application that resulted in the '058 Patent. It is true that "knowledge of a patent application alone is insufficient to demonstrate knowledge of a later issued patent." *Maxell, Ltd. v. Apple, Inc.*, Case No. 5:19-CV-00036-RWS, 2019 WL 7905455, *5, (E.D. Tex. Oct. 23, 2019). However, the additional facts of the parties' interactions, alluded to above, contain sufficient circumstantial evidence to create a genuine issue as to Walmart's knowledge of the '058 Patent as well.

V. **Conclusion**

For the reasons expressed above, it is **RECOMMENDED** that Walmart's motion for summary judgment of no pre-suit indirect infringement be **DENIED.**

---

"mEquity" described in the presentation. Compare Dkt. No. 204-10 at 3, 4, 7-9 and Dkt. No. 258 p 1-3, with Dkt. No. 223-12.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 7th day of September, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE