# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE EQUITY CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:21-cv-00126-JRG-RSP |
| | § | |
| WALMART INC., | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court are two motions: the Motion for Summary Judgment of Non-infringement of Certain Claims, Doctrine of Equivalents, Contributory Infringement, and Induced Infringement field by Defendant Walmart Inc., **Dkt. No. 196**, and the Motion for Summary Judgment for No Failure to Mark Under 35 U.S.C. § 287 filed by Plaintiff Mobile Equity Corp. **Dkt. No. 200**.

### I. Background

On April 7, 2021, Mobile Equity filed its Complaint, in which it alleges that Walmart's Walmart Pay, the accused product in this case, is "covered by at least claim 1" of U.S. Pat. No. 8,589,236 (the "'236 Patent), Dkt. No. 1 at ¶ 77, and covered by "at least claim 1" of U.S. Pat. No. 10,535,058 (the "'058 Patent"). *Id.* at ¶ 107. On June 16, 2021, Walmart filed its Answer and asserted a counterclaim in which, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Walmart "requests the declaration of the Court that Walmart does not infringe and has not infringed each and every claim of the '236 Patent." Dkt. No. 13 at ¶163. Walmart asserts a similar counterclaim of non-infringement for the '058 Patent. *Id.* at ¶ 169.

On July 1, 2021, Mobile Equity served its infringement contentions pursuant to the local patent rules, which provided notice that Mobile Equity was asserting Claims 1-5, 10-12, and 14 of

1

the '236 Patent and Claims 1, 3, 6, 8, and 13-14 of the '058 Patent, all of which are method claims. Dkt. No. 222-3.

On July 7, 2021, in response to Walmart's counterclaims, Mobile Equity filed an Answer to Walmart's Counterclaims. Dkt. No. 18. With respect to Walmart's declaratory counterclaims of non-infringement, Mobile Equity simply responded with "MEC denies the allegations in paragraph 162," *id.* at ¶ 162, and "MEC denies the allegations in paragraph 169." *Id.* at ¶ 169.

## II. Legal Standard

Summary judgment should be granted if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "material fact" is one that "might affect the outcome" of the case, and a dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. Any evidence must be viewed in the light most favorable to the nonmovant. *See id.* at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59 (1970)).

## III. Analysis

Beginning with Walmart's motion, Walmart seeks summary judgment of: (1) no infringement of certain claims; (2) no infringement under the Doctrine Of Equivalents; (3) no contributory infringement; and (4) no induced infringement. Dkt. No. 196. Mobile Equity in its motion seeks summary judgment of no failure to comply with the marking requirement embodied in 35 U.S.C. § 287(a). Dkt. No. 200. The Court addresses these motions together because they share a common issue: whether a controversy exists as to the claims Mobile Equity did not assert. Thus, the Court will take up this issue first and then address the remaining issues.

*a. Whether a Controversy Exists as to the Unasserted Claims*

Pursuant to its counterclaims seeking a declaration of non-infringement, Walmart seeks summary judgment that it does not infringe Claims 6-9, 13, and 15-19 of the '236 Patent and Claims 2, 4, 5, 7, 9-12, and 15-30 of the '058 Patent. These claims were never asserted by Mobile Equity in this case.; therefore, Mobile Equity argues that there is no "case or controversy" as to these claims and the Court must dismiss Walmart's counterclaims to the extent they relate to these unasserted claims. Dkt. No. 222 at 2-3.

The issue of whether a controversy exists as to the unasserted claims is also an issue with respect to Mobile Equity's motion: Mobile Equity argues that the marking requirement embodied in § 287(a) does not apply in this suit because it has only asserted method claims. Dkt. No. 200 at 3 (collecting cases). However, Walmart argues primarily that by denying Walmart's declaratory counterclaim of non-infringement, Mobile Equity effectively asserted all the claims of the asserted patents, thus implicating the marking requirement.

Beginning with the Declaratory Judgment Act itself, the Act provides that, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

For a controversy to exist in a declaratory action under § 2201(a), the dispute is required "to be 'definite and concrete' . . . and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Medimmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a

substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Furthermore, the Supreme Court has held that a district court has discretion to dismiss a suit brough under § 2201(a):

> Consistent with the nonobligatory nature of the remedy [in § 2201(a)], a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Finally, "[i]n patent cases, 'the existence of a case or controversy must be evaluated on a claim-by-claim basis.'" *Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1307 (Fed. Cir. 2012) (quoting *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984)). "Jurisdiction must exist at all stages of review [and] a counterclaimant must show a continuing case or controversy with respect to withdrawn or otherwise unasserted claims. *Id.* (quoting *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282–83 (Fed.Cir.2012)).

Thus, Walmart, as the counterclaimant, must show a controversy exists as to the unasserted claims. To this end, Walmart raises three arguments: (1) Walmart argues that Mobile Equity asserted the unasserted claims through its denial of Walmart's declaratory counterclaim, arguing that Mobile Equity's denial "is analytically identical to the double-negative phrase 'Walmart doesn't not-infringe.'" Dkt. No. 226 at 3; (2) Mobile Equity "has neither offered a covenant not to sue nor withdrawn its answer and has continued to litigate the Asserted Patents," Dkt. No. 257 at 1-2; (3) Mobile Equity's "willfulness and pre-suit knowledge allegations support jurisdiction because they are generalized to the entirety of the Asserted Patents." *Id.* at 2.

Beginning with Walmart's first argument, a mere denial of Walmart's counterclaim does not create a controversy as to the unasserted claims. If Walmart's argument was correct, a court would rarely be able to dismiss a declaratory judgment action for lack of controvery. Furthermore, like the counterclaimant in *Streck*, Walmart fails to offer sufficient evidence or legal authority for the Court to conclude that a controversy existed as to the unasserted claims at any point in this suit. *See Streck*, 665 F.3d at 1281, 1284. Based on the record before it, the Court finds insufficient evidence that there was a substantial controversy of sufficient immediacy and reality, at any point in this suit, to warrant an issuance of a declaratory judgment as to the unasserted claims.

Walmart's other arguments do not change this finding. Walmart's argument that a controversy exists because Mobile Equity has not agreed to "a covenant not to sue" or because "Mobile Equity has not withdrawn its answer and has continued to litigate the Asserted Patents" is based on inapplicable case law. Dkt. No. 257 at 1-2 (citing *Danisco v. Novozymes*, 744 F.3d 1325, 1331 (Fed. Cir. 2014); *Scanner Techs. Corp v. ICOS Vision Sys. Corp. N.V.*, 528 F.3d 1365 (Fed. Cir. 2008)). As to *Danisco*, the Federal Circuit found that subject-matter jurisdiction existed based on the history between the parties in the suit. *Danisco*, 744 F.3d at 1331. Walmart points to no history between the parties beyond the present suit; therefore, *Danisco* is inapplicable.

As to *Scanner Technologies*, the Federal Circuit cabined *Scanner Technologies* to its particular facts in *Streck* and *Fox Group*: "In *Scanner Technologies*, the patent holder filed an infringement suit and the defendants counterclaimed seeking declaratory judgment on "each of the claims" of the two asserted patents. This court upheld the district court's judgment invalidating all of the claims *because the parties had stipulated that the case was to be tried on one representative claim.*" *Fox Grp.*, 700 F.3d at 1309-10 (quoting *Streck*, 665 F.3d at 1283) (emphasis added). Here, there is no such stipulation, thus *Scanner Technologies* is inapplicable. Finally, Walmart's

5

argument that a controversy exists based on Mobile Equity's generalized willfulness and pre-suit knowledge allegations is also unpersuasive.

Alternatively, because of considerations of practicality and wise judicial administration, *Wilton*, 515 U.S. at 288, the Court declines to exercise subject matter jurisdiction over Walmart's declaratory counterclaim as it relates to the unasserted claims. Based on the record, Walmart appears to be engaging in gamesmanship by offering rebuttal expert opinions concerning the unasserted claims when Mobile Equity's expert did not offer any opinions as to these claims. Because Mobile Equity has the burden of proof to prove infringement, even in a declaratory judgment action, there was no need for Walmart to offer rebuttal opinions as to these claims when Mobile Equity offered none. Thus, out of concerns of practicality and wise judicial administration, the Court does not want encourage such a precedent.

In sum, the Court finds that there is no controversy as to the unasserted claims and that there was no controversy as to these claims at any point in the suit. Alternatively, the Court finds, based on its sound discretion, that Walmart's declaratory counterclaims as they relate to the unasserted claims should be dismissed. Therefore, the Court denies the portion of Walmart's motion seeking summary judgment of no infringement of the unasserted claims, and those claims will not be deemed at issue in this litigation going forward.

    b. *Marking*

In *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*, the Federal Circuit held that the marking requirement of § 287(a) is not implicated when a patentee only asserts method claims. 559 F.3d 1308, 1316-17 (Fed. Cir. 2009). The Federal Circuit—citing its previous decision in *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.3d 1075 (Fed. Cir. 1983)—stated, "In *Hanson*, we held that 35 U.S.C. § 287(a) did not apply where the patentee only asserted the method

claims of a patent which included both method and apparatus claims. *Hanson* is factually identical to this case, and we are therefore bound by the rule of *Hanson*." *Crown Packaging*, 559 F.3d at 1316. Thus, because the plaintiff in *Crown Packaging*, like the plaintiff in *Hanson*, "asserted only the method claims of the [patent in suit], the marking requirement of 35 U.S.C. § 287(a) does not apply." *Id.* at 1317. Furthermore, the Federal Circuit distinguished another case concerning marking, *American Medical Systems*, from *Crown Packaging* based on the fact the patentee in *American Medical Systems* asserted "both apparatus and method claims . . . and there was a physical device produced by the claimed method that was capable of being marked." *Crown Packaging*, 559 F.3d at 1317 (quoting *American Medical Sys. v. Medical Engineering Corp.*, 6 F.3d 1523, 1539 (Fed. Cir. 1993)).

Here, Mobile Equity, like the patentee in *Crown Packaging* and *Hanson*, has only asserted method claims. Although Walmart argues that Mobile Equity effectively asserted apparatus claims through its denial of Walmart's declaratory counterclaim, as discussed above, the Court found that there was no controversy as to the apparatus claims at any point in this suit, thus the apparatus claims were never asserted. Therefore, the Court is "bound by the rule of *Hanson*" to find that the marking requirement is not implicated in this case.

    *c. DOE, Contributory Infringement, and Induced Infringement*

To help resolve Walmart's remaining arguments in its motion, the Court begins with the following statement on the burdens at summary judgment: "[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 322).

Here, Mobile Equity bears the burden of proof on proving infringement under the DOE, *see, e.g.*, *AquaTex Industries, Inc. v. Techniche Solus.*, 479 F.3d 1320, 1328-29 (Fed. Cir. 2007). Mobile Equity also bears the burden of proof on the issue of induced and contributory infringement. *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320, 1322 (Fed. Cir. 2009). Here, Walmart argued that Mobile Equity did not have competent summary judgment evidence based on the deposition of Mobile Equity's technical expert. Dkt. No. 196 at 4. Because Mobile Equity bears the burdens of proof on these issues at trial, Walmart shifted the burden of Mobile Equity by pointing to an absence of evidence.

In response, Mobile Equity points to the following evidence to create a genuine dispute that precludes summary judgment: (1) the opinions of its technical expert on the issues of contributory and induced infringement; and (2) evidence set forth in its response to another motion that addresses the knowledge component of contributory and induced infringement. Dkt. No. 222 at 5 (citing Dkt. No. 223). Thus, comparing Walmart's summary judgment evidence—attorney argument and brief excerpts from the deposition of Mobile Equity's technical expert—to Mobile Equity's summary judgment evidence, the Court finds that, looking at the evidence in the light most favorable to Mobile Equity, Walmart has failed to show a lack of a genuine dispute that would entitle it to summary judgment on the issues of contributory and induced infringement. Similarly, DOE is just an equitable supplement to the analysis of direct infringement, and it can apply to as little as a single limitation of a claim. It is not appropriate to foreclose reliance on equivalents with the virtually nonexistent analysis presented in this motion.

### d. *Violation of the Local Rules*

In response to Mobile Equity's motion, Walmart argues that Mobile Equity's motion "prejudicially" fails to comply with L.R. CV-56(a) by failing to include a statement of issues and

a statement of undisputed material facts. Dkt. No. 226 at 2. According to Walmart, Mobile Equity's failure forced Walmart to "brief two motions—one directed to whether § 287(a) is applicable, and a second directed to whether § 287(a) is satisfied. . . . Accordingly, the Court should deny MEC's motion on this ground alone." Dkt. No. 226 at 3.

"A movant's failure to comply with Local Rule CV-56(a), while improper, does not automatically trigger dismissal of the motion." *Charles v. K-Pats., Inc*., No. 1:17-CV-339, 2020 WL 1480734, at *8 (E.D. Tex. Mar. 19, 2020). "The purpose of Local Rule CV-56(a) is twofold: First, to assist opposing parties in responding to the motion and complying with the obligations imposed on them by Local Rule CV-56(b); and second, to aid the court's handling of the motion. A noncompliant motion for summary judgment can fulfill this dual purpose and, consequently, be considered by the court." *Id.* at *9.

Mobile Equity's motion was a total of four pages, with only a half of page of actual argument as to why the marking requirement does not apply in this case. Dkt. No. 200 at 1-4. Thus, the motion clearly and succinctly laid out the issues Mobile Equity was raising for Walmart and the Court to address, and furthermore, the Court quickly understood the two alternative grounds on which Mobile Equity sought relief. Thus, the Court finds that Mobile Equity's motion fulfilled the dual purposes of Local Rule CV-56(a).

### IV. Conclusion

For the foregoing reasons, it is RECOMMENDED that Walmart's motion (Dkt. No. 196) be DENIED.

It is further RECOMMENDED that Mobile Equity's motion (Dkt. No. 200) be GRANTED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 8th day of September, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE