IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE EQUITY CORP., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:21-cv-00126-JRG-RSP |
| WALMART INC., | § § § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Before the Court is the Motion to Strike Opinions Offered by Dr. Stephen Becker filed by Defendant Walmart Inc. **Dkt. No. 201**.

**I.    Background**

On April 7, 2021, Plaintiff Mobile Equity Corp. filed the present suit alleging Walmart infringes U.S. Pat. Nos. 8,589,236 (the "'236 Patent") and 10,535,058 (the "'058 Patent"). Mobile Equity served the expert report of Dr. Becker concerning damages. Dkt. No. 201-2. Walmart seeks to exclude Dr. Becker's damages opinions in their entirety for certain alleged deficiencies that render Dr. Becker's opinions unreliable under Fed. R. Evid. 702.

**II.    Legal Standard**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Federal Rule of Evidence 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although there are various factors that the district court may consider in determining admissibility the ultimate inquiry is whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.   Analysis

Walmart makes two arguments as to why Dr. Becker's opinions should be excluded under Rule 702: (1) Dr. Becker fails to separately opine about the reasonable royalty in the event only

the '058 Patent is found infringed and valid, and (2) Dr. Becker fails to apportion out the unclaimed or conventional features found in the accused product from his reasonable royalty analysis. The Court ultimately finds both arguments unpersuasive.

> a. *Dr. Becker's alleged failure to account for the '058 Patent*

Walmart argues that Dr. Becker's opinions are not helpful to the jury if only the '058 Patent is found valid and infringed and therefore should be excluded. Dkt. No. 201 at 5-8. In his report, Dr. Becker opines that Mobile Equity is entitled to "a one-time lump-sum reasonable royalty of $50 million for a fully paid-up license" to both of the asserted patents. Dkt. No. 201-2 at ¶ 13. Dr. Becker does not provide damages opinions addressing the scenario where only the '058 Patent is found infringed and valid.

Because Dr. Becker does not provide an analysis specific to the '058 Patent, Walmart argues Dr. Becker's opinions do "not conform to Federal Circuit authority" and should be excluded. Dkt. No. 202 at 5 (citing *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007)). Additionally, Walmart argues that Dr. Becker's opinions would be "useless" to the jury in the event only the '058 Patent is found infringed because the hypothetical negotiation in 2020 for a license to the '058 Patent alone would be materially different than the hypothetical negotiation in 2015 for a license to both asserted patents. *Id.* at 5-7. Thus, Dr. Becker's failure to account for infringement of only the '058 Patent renders his opinions "fatally flawed" and unhelpful to the jury. *Id.* at 5 (citing *Cassidian Commc'ns, Inc. v. Microdata GIS, Inc.*, No. 2:12-cv-00162-JRG, 2013 11322510, at *2 (E.D. Tex. Dec. 3, 2013)).

Mobile Equity's primary argument in response is that Walmart misapplies the law it cites and has failed to offer case law or evidence attacking Dr. Becker's methodology. Dkt. No. 233 at 6-8. Furthermore, Mobile Equity argues that Dr. Becker's alleged failure to address a specific

scenario—here, if only the '058 Patent is infringed—does not render the rest of his opinions inadmissible. Dkt. No. 292 at 2-3.

Here, the Court agrees with Mobile Equity. First, the Federal Circuit in the portion of *Verizon* cited by Walmart does not address the reliability of an expert's opinions at all, let alone whether to exclude an expert's opinions as unhelpful for failure to assign damages per patent in suit. *See Verizon*, 503 F.3d at 1309-10. Second, this Court in *Cassidian* excluded the expert's opinions because all of the expert's opinions were based on an incorrect hypothetical negotiation date. *Cassidian*, 2013 WL 11322510, at *2. Here, Walmart does not contest that, for a license to both of the asserted patents, Dr. Becker correctly identified that the hypothetical negotiation would occur in December 2015. Thus, Dr. Becker's opinions are not unreliable.

Turning to Walmart's other argument, Dr. Becker's failure to provide opinions addressing the scenario where only the '058 Patent is found infringed does not render the rest of his opinions inadmissible. *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 WL 4560071, at *4 (N.D. Cal. Aug. 22, 2016) ("An expert's testimony is not made unreliable simply because it does not address certain issues or offer an opinion on every potential topic."); *see also Tri Investments, Inc. v. United Fire & Casualty Co.*, No. 5:18-cv-116, 2019 WL 13114345, at *4 (S.D. Tex. Nov. 15, 2019) ("Whether or not [an expert] fails to provide an opinion on causation does not make his opinions . . . inadmissible. It may simply mean that [plaintiff] will not be able to establish causation through [the expert's] testimony."); *see also Sting Soccer Operations Grp. LP v. JP Morgan Chase Bank, N.A.*, No. 4:15-cv-00127-ALM, 2016 WL 4094980, at *5 (E.D. Tex. Aug. 2, 2016) ("The Court finds that [the expert's] failure to consider Plaintiff's criminal conviction does not render his opinion as to causation inadmissible under the circumstances."). Therefore, the Court does not exclude Dr. Becker's opinions for a failure to provide opinions specific to the '058 Patent alone.

### b. Dr. Becker's failure to properly apportion his royalty analysis

Next, Walmart argues that Dr. Becker fails to apportion out the conventional or unclaimed features of the accused product, Walmart Pay, and therefore his opinion should be excluded. Dkt. No. 201 at 8-12. According to Walmart, Dr. Becker not only fails to exclude these conventional features but affirmatively relies on them. *Id.* at 9-10 (listing examples of features Walmart asserts were improperly included in Dr. Becker's damages analysis). Furthermore, Walmart argues that Dr. Becker's failure to apportion renders his other opinions related to non-infringing alternatives (NIAs) unreliable. *Id.* at 11-12.

In response to Walmart's arguments, Mobile Equity focuses on the methods Dr. Becker applied in his report. Dkt. No. 233 at 1-3, 8-9. In general, Mobile Equity explains that Dr. Becker utilizes an "opportunity-cost model," which bases the reasonable royalty on "the cost differential to Walmart between using the accused product and using, an effectively similar, non-infringing alternative." *Id.* at 1-2. Based on the model Dr. Becker used, Mobile Equity asserts that Dr. Becker's opinions apportioned out the conventional or unclaimed features. *Id.* at 9.

The Court finds that Dr. Becker applied a reliable method of determining the reasonable royalty. In *Prism Technologies LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360 (Fed. Cir. 2017), the Federal Circuit stated that a patentee is required to tie the proof of damages to the "footprint" of the claimed invention. *Id.* at 1376. The Federal Circuit went on to state that this requirement may be "met if the patentee adequately shows that the defendant's infringement allowed it to avoid taking a different, more costly course of action. A price for a hypothetical license may appropriately be based on consideration of the 'costs and availability of non-infringing alternatives' and the potential infringer's 'cost savings.'" *Id.* (quoting *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 771-72 (Fed. Cir. 2014)).

Here, Dr. Becker states that his reasonable royalty opinions apportion out unclaimed or conventional features by focusing on the cost to Walmart of implementing NIAs:

> the primary driver of the outcome of the hypothetical negotiation is the consideration of non-infringing alternatives. . . . By focusing on the differences between the accused infringing version of Walmart Pay and the alternatives considered by Walmart at the time, my analysis isolates the incremental benefits to Walmart provided by the Patents-in-Suit. As such, the resulting royalty is apportioned to the 'footprint' of the invention.

Dkt. No. 201-2 at ¶ 182.

Thus, after reviewing his report, the Court finds that Dr. Becker applied a reliable method of determining a reasonable royalty as described in *Prism*. Therefore, Dr. Becker's opinions are at least sufficiently reliable and relevant to the issue of damages for the jury to consider. Finally, Walmart's remaining issues with Dr. Becker's opinions are with his conclusions, not his methodology. These issues are best addressed by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Therefore, the Court does not exclude Dr. Becker's opinions.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** the motion.

**SIGNED this 27th day of September, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE